89540

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | | |
|---|---|---|---|
| NOTRE DAME AFFORDABLE HOUSING, et al. | ) ) ) | | |
| | ) | | |
| Plaintiffs, | ) | Case No.: 18-cv-8116 | |
| | ) | | |
| CITY OF CHICAGO, et al. | ) | Hon. Charles Norgle | |
| | ) | | |
| Defendants. | ) | | |

## DEFENDANT, DELTA DEMOLITION, INC.'S MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT

NOW COMES Defendant, DELTA DEMOLITION, INC. (hereinafter referred to as "Delta") respectfully moves the Court for an order dismissing Plaintiffs' Amended Complaint against it pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. In support of this Motion, Defendant, DELTA DEMOLITION, INC., incorporate its memorandum of law in support and respectfully state as follows:

1. Plaintiff Notre Dame Affordable Housing ("Notre Dame") is an Illinois not-for-profit corporation whose principal officer is plaintiff Charlene Marsh. Notre Dame owns property at 7954 S. Halsted and 808-810 W. 80th Street in the City of Chicago (the "Subject Properties").

2. Plaintiffs allege that the structures on the Subject Properties were demolished, and that this demolition was carried out by Delta without complying with applicable law.

3. As explained more fully herein and in the accompanying memorandum of law, the Amended Complaint should be dismissed because Plaintiffs are bound by the judgment in their previous state court action involving the same facts, captioned *Marsh et al.* v. *City of Chicago, et al.,* 2018-L-011437 before the Circuit Court of Cook County. That action was dismissed for failure to state a claim, which is a final judgment on the merits that precludes Plaintiffs from relitigating

issues in this Court that were or could have been raised in the prior action.

4.      Even if this action were not barred by res judicata, it should be dismissed because Plaintiff Marsh does not have standing to bring any claim asserted in the Amended Complaint. The property at issue is owned exclusively by plaintiff Notre Dame Affordable Housing and only it was injured.  Marsh has no ownership rights in the property at issue and is not asserting that she has personally been injured.  Therefore, Marsh does not have standing to bring any claim asserted in the Amended Complaint.

5.      Counts I through IV, VII and VIII of Plaintiffs' Amended Complaint are not plead against Delta and therefore, Delta does not address any of those counts in this motion to dismiss. However, in the event that any of those counts can be construed against Delta, it moves to adopt the arguments raised by Defendant, City of Chicago, in its motion to dismiss and requests that those arguments and legal support apply to the dismissal of Delta with respect to those counts.

6.      Plaintiffs' claims against Delta in the Amended Complaint fall under Count V (Taking Property without Just Compensation); Count VI (Substantive Due Process); Count IX (Illinois Consumer Fraud and Deceptive Practices Act); Count X (Intentional Interference with Prospective Economic Advantage; and Count XI (Negligence). All of Plaintiffs' claims under the above Counts should be dismissed for failure to state a claim.

7.      Counts V and VI should be dismissed for failure to state a claim for allegedly taking property without just compensation and violating substantive due process because Plaintiffs have failed to allege any facts showing independent conduct on the part of Delta in connection with the unconstitutional actions plead under these counts.

8.      Count IX should be dismissed because it is legally flawed as it fails to allege necessary elements to state a claim under the Illinois Consumer Fraud and Deceptive Practices

Act, which includes that Delta was engaged in "trade" or "commerce" with Plaintiffs in relation to the demolition of the Subject properties at issue.

9.      Count X should be dismissed because Plaintiffs do not allege any activity directed at any third party with whom Plaintiffs had a "clear expectancy" of a business relationship.

10.      Count XI should be dismissed because Plaintiffs fail to allege any facts that give rise to a legal duty owed by Delta to the Plaintiffs under any of the Municipal Code provisions alleged in Plaintiff's Complaint and therefore, Plaintiffs fail to plead the requisite elements of negligence and fail to state a claim under that cause of action warranting a dismissal.

WHEREFORE, for the above reasons and the reasons set forth in the memorandum of law, Defendant, DELTA DEMOLITION, INC., respectfully request that the Court enter an order dismissing the Amended Complaint against Defendant, DELTA DEMOLITION, INC., with prejudice and granting any other relief as it deems just and proper under the circumstances.

Date: April 30,2019                                        Respectfully submitted,


                                                            */s/ Danielle N. Malaty*


Danielle N. Malaty
Tara A. Ryniec
KOPKA PINKUS DOLIN, P.C.
200 West Adams Street, Suite 1200
Chicago, IL 60606
Phone: 312-782-9920
Fax: 312-782-9965
Attorney No.: 6315548
E-mail: DNMalaty@kopkalaw.com
Attorney No.: 6278367
E-mail: TARyniec@kopkalaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on **April 30, 2019**, I electronically filed the above-mentioned document with the Clerk of the Court using CM/ECF system, which will send notification of such filing to all parties that have appeared in this action.

*/s/ Danielle N. Malaty*
Danielle N. Malaty

Danielle N. Malaty
Tara A. Ryniec
KOPKA PINKUS DOLIN, P.C.
200 West Adams Street, Suite 1200
Chicago, IL 60606
Phone: 312-782-9920
Fax: 312-782-9965
Attorney No.: 6315548
E-mail: DNMalaty@kopkalaw.com
Attorney No.: 6278367
E-mail: TARyniec@kopkalaw.com