89540

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| NOTRE DAME AFFORDABLE HOUSING, et al. | ) ) ) | |
| Plaintiffs, | ) ) | Case No.: 18-cv-8116 |
| CITY OF CHICAGO, et al. | ) ) ) | Hon. Charles Norgle |
| Defendants. | ) | |

## DEFENDANT, DELTA DEMOLITION, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT

## INTRODUCTION

This case arises out of a previously filed action, which was dismissed on June 26, 2018. In addition, Plaintiffs previously brought a state court action on the same subject matter and involving the same parties, which was also dismissed on the merits on October 25, 2018 for failing to state a claim. (A copy of the Complaint and Dismissal Order dated October 25, 2018 are attached hereto as Exhibits A and B). Moreover, in addition to refiling this federal action on December 11, 2018, Plaintiffs yet again are seeking recovery for the same alleged occurrence in a second state court action that was filed on December 11, 2018. (A copy of the December 11, 2018 Complaint is attached hereto as Exhibit C). All of the previously filed cases involve the same alleged conduct surrounding the demolition of property at 7954 S. Halsted and 808-810 W. 80th Street in the City of Chicago.

Defendants are now faced with Plaintiffs' Amended Complaint in this duplicative action. In Plaintiffs' Amended Complaint, Plaintiff Notre Dame Affordable Housing ("Notre Dame") alleges that it is an Illinois not-for-profit corporation whose principal officer is Plaintiff Charlene Marsh ("Marsh"). (See Plaintiff's Amended Complaint, pg. 1, par. 7). Notre Dame alleges that it owns property via a quit claim deed at 7954 S. Halsted and 808-810 W. 80th Street in the City of Chicago (the "Subject Properties"). (*Id.*, 3-4.) Plaintiffs allege that the structures on the Subject Properties were demolished by multiple Defendants, including Delta, and that Delta performed the demolition in violation of notice and permit requirements mandated by certain sections of the Municipal Code of Chicago. More specifically, Plaintiffs allege that Delta failed to provide proper and sufficient notice prior to performing the demolition of the Subject Properties and further allege that Delta failed to post a permit on the property as requested by the Municipal Code of Chicago. On that basis, Plaintiffs allege that Delta's demolition of the Subject Properties was "unlawful and

illegal."

While Plaintiffs incorporated various factual allegations and additional parties, all of which were previously omitted in prior attempts to recover on this alleged occurrence, it also withdrew numerous counts previously leveled against Delta, including Counts I-IV and VII and VIII. Accordingly, Delta does not address any of those counts in this motion to dismiss. However, in the event that any of those counts can be construed against Delta, it moves to adopt the arguments raised by Defendant, City of Chicago, in its motion to dismiss and requests that those arguments and legal support apply to the dismissal of Delta with respect to those counts.

This motion to dismiss addresses the counts and allegations that remain pending against Delta in Plaintiffs' Amended Complaint, including the taking of property without just compensation (Count V); violation of substantive due process (Count VI); violation of the Illinois Consumer Fraud and Deceptive Practices Act (Count IX); intentional interference with prospective economic advantage (Count X); and negligence (Count XI). Delta moves to dismiss those counts alleged against it in Plaintiffs' Amended Complaint under *res judicata*; lack of standing; and Plaintiffs' failure to state a claim under the above causes of action.

## PROCEDURAL HISTORY

In addition to this action, Plaintiffs have brought the following cases involving the same parties and operative facts.

- *Notre Dame Affordable Housing, et al. v. Emanuel, et al.,* 18-cv-578 (N.D. Ill.), filed January 26, 2018, dismissed by this Court for failure to pay filing fee by order dated June 26, 2018.

- *Marsh et al.* v. *City of Chicago, et al.,* 2018-L-011437 (Cook County Cir. Ct.), filed October 22, 2018, dismissed for failure to state a claim upon which relief

can be granted by order dated October 25, 2018.

- *Notre Dame Affordable Housing* v. *City of Chicago, et al.*, 2018-L-013513 (Cook County Cir. Ct.), filed December 11, 2018, currently pending.

## ARGUMENT

### I.  Plaintiffs' claims are barred by *Res Judicata*.

This action must be dismissed because Plaintiffs' claims were previously the subject of a final judgment on the merits involving the same parties or parties in privity with them. Because the prior judgment here is from an Illinois state court, Illinois preclusion law applies. *Hicks* v. *Midwest Transit, Inc.,* 479 F.3d 468, 471 (7th Cir. 2007). *Res judicata* bars a subsequent action under Illinois law when three requirements are met: "(1) there was a final judgment on the merits rendered by a court of competent jurisdiction; (2) there is an identity of cause of action; and (3) there is an identity of parties or their privies." *Id.* "In Illinois, *res judicata* extends to all questions actually decided in a previous action as well as to all grounds of recovery and defenses which might have been presented in the prior litigation." *Whitaker* v. *Ameritech Corp.,* 129 F.3d 952, 955-56 (7th Cir. 1997).

The Circuit Court of Cook County dismissed Plaintiffs' claims on the basis that they "failed to state a claim upon which relief can be granted." (A copy of the Order dated Oct. 25, 2018 attached hereto as Exhibit A).  In Illinois, an involuntary dismissal for failure to state a claim operates as an adjudication on the merits.  *Rose* v. *Bd. of Election Commissioners for City of Chicago,* 815 F.3d 372, 374 (7th Cir. 2016).  Additionally, Plaintiffs' Complaint in that action (attached hereto as Exhibit B) clearly involves the same demolition of property complained of in this action, specifying the same property addresses and claims arising out of the same set of operative facts, and could have been raised in the prior litigation.  Finally, the parties are the same

in both suits or are in privity with one another and must be barred on that basis. Therefore, because all of the elements are satisfied, Plaintiffs are precluded from raising the same claims against Delta in this suit under *res judicata* and Plaintiffs' Amended Complaint against Delta should be dismissed *with prejudice*.

## II.    Plaintiff Marsh's claims should be dismissed because she lacks standing.

In addition to being barred by *res judicata*, Plaintiff Marsh lacks standing to bring her cause of action against Delta. This case pertains to the demolition of the Subject Properties, but Marsh admittedly does not own the property. *Notre Dame Affordable Housing, et al. v. Emanuel, et al.,* 18-CV-578 (N.D. Ill.). Many of the allegations contained in Plaintiffs' Amended Complaint are brought solely on behalf of Marsh, even though she has no ownership interest in the Subject Properties.

The threshold question in every federal case is "whether the plaintiff has made out a case or controversy within the meaning of Article III." *Warth v. Seldin,* 422 U.S. 490, 498 (1975). To have standing, Marsh must allege an injury that affects her own legal rights, *J.F. Shea Co. v. City of Chicago,* 992 F.2d 745, 749 (7th Cir. 1993), which she has not plead here.

Marsh attempts to plead an injury by alleging that she personally paid for repairs to the Subject Properties. (Plaintiffs' Amended Complaint, pg. 2, par. 10). Marsh cannot rest her claim to relief on the legal rights or interests of third parties. *J.F. Shea Co., 992* F.2d at 749. As a general rule, "a natural person is not the real party in interest for bringing a suit based on a corporation's rights, even when the person is the sole owner of the corporation." *Knopick* v. *Jayco, Inc.,* 895 F.3d 525, 529 (7th Cir. 2018). Although Plaintiffs' Amended Complaint alleges that Marsh is the principal officer of Notre Dame (Plaintiffs' Amended Complaint, pg. 2, par. 7), well-established precedent holds that shareholders, officers, and employees lack standing to bring

claims for an injury to a corporation. *Southwest Suburban Bd. of Realtors, Inc. v. Beverly Area Planning Association,* 830 F.2d 1374, 1378 (7th Cir. 1987), where the court held that derivative injuries sustained by employees, officers, stockholders, and creditors of an injured company does not constitute an injury sufficient to confer standing.

In Plaintiffs' Amended Complaint, Plaintiffs allege that the improvements to the property were made "on behalf of and for the benefit of the corporation" (Plaintiffs Amended Complaint, pg. 16, par. 91), which further supports the premise that Notre Dame has standing to bring the present action, not Marsh. Therefore, Marsh's claims contained in Plaintiffs' Amended Complaint should be dismissed for lack of standing.

**III.     Counts V and VI of Plaintiffs' Amended Complaint should be dismissed against Delta because it fails to state a claim with respect to the taking of property and violating substantive due process.**

Counts V and VI should be dismissed as to Delta because Plaintiffs fail to allege specific facts demonstrating Delta's personal involvement or participation in the alleged unconstitutional action of taking property without just compensation and violating substantive due process. While most of the allegations contained in Counts V and VI seem to be directed to Defendant, City of Chicago, there are some allegations that attempt to lump Delta, as well as other Defendants, Fryland and Ullrich, for their alleged conduct in the failure to provide Plaintiffs with adequate pre and post-deprivation remedies with respect to the Subject Properties. (Plaintiffs' Amended Complaint, pgs. 24-25, par. 139 and 149). Plaintiffs attempt to lump the Defendants together again in the allegations that "Defendants failed to provide pre-deprivation notice" and again when Plaintiffs allege that Defendants "unlawfully and illegally caused the subject properties to be demolished for purpose of depriving Plaintiffs of the Subject Properties and the value of the Subject Properties." (Plaintiffs' Amended Complaint, pgs. 24-25, par. 140, 150, 153).

Delta should be dismissed from Counts V and VI because Plaintiffs fail to allege any specific facts against any of the Defendants, including Delta, regarding their personal involvement and participation in the unconstitutional actions alleged in those counts. Without specific facts alleged against each of the defendants individually, Counts V and VI are insufficient to state a claim against those individual defendants, including Delta, for allegedly violating Plaintiffs' rights. *Brooks v. Ross*, 578 F. 3d 574, 580 (7th Cir. 2009), which held that vague allegations that "one or more of the defendants" acted against plaintiff "did not adequately connect specific defendants to illegal acts." Nor can Plaintiffs' recitation of boilerplate legal standards for personal involvement suffice to impose liability to that individual defendant. *Patton v. Przybylski*, 822 F. 2d 697, 701 (7th Circuit, 1987), in which the court held that boilerplate allegations fell "far short" of alleged defendant's personal involvement. For these reasons, Counts V and VI of Plaintiffs' Amended Complaint should be dismissed as to Delta for failure to state a claim.

**IV.    Count IX under the Illinois Consumer Fraud and Deceptive Practices Act should be dismissed because it is legally deficient and fails to state a claim.**

To state a claim under the Illinois Consumer Fraud Act (hereinafter referred to as "The Act"), Plaintiffs must allege, in part, that the deceptive act occurred in the course of conduct involving "trade" or "commerce" with Plaintiffs. *Philadelphia Indemnity Ins. Co. v. Chicago Title Ins. Co.*, 771 F.3d 391, 402 (7th Cir. 2014). The terms "trade" and "commerce" are defined under the Act as "the advertising, offering for sale, distribution of any services and any property, tangible or intangible, real, personal or mixed." 815 ILCS Section 505/1(f). For Plaintiff's cause of action to fall under the Act, Delta would have had to engage in deceptive conduct while advertising or offering to sell some merchandise to Plaintiffs. *G&G Closed Circuit Events, LLC v. Castillo*, 327 F. Supp. 3d 1119, 1133-34 (N.D. Ill. 2018), in which the court found that the eviction of a tenant

does not constitute "trade" or "commerce" under the Act.

There are no facts alleged by Plaintiffs under Count IX of Plaintiffs' Amended Complaint that support that Delta was engaged in any "trade" or "commerce" with Plaintiffs related to the demolition of the Subject Properties. As admitted by Plaintiffs in the Amended Complaint, the City of Chicago was the final policymaker and had the authority to order the demolition of the Subject Properties. (Plaintiffs' Amended Complaint, pg. 16, par. 16, pg. 24, par. 142). There are no facts alleged by Plaintiffs that Delta even had any contact with Plaintiffs that could be construed as "trade" or "commerce" as it is defined by the Act. Without any facts to demonstrate that Delta engaged in "trade" or "commerce" with Plaintiffs as it relates to the demolition of the Subject Properties, Count IX of Plaintiffs' Amended Complaint should be dismissed as it fails to state a claim under the Act.

## V.     Count X of Plaintiffs' Amended Complaint should be dismissed because Plaintiffs failed to allege the requisite elements and failed to state a claim.

A claim for interference with business expectancy requires that Plaintiffs establish "(1) a reasonable expectancy of entering into a valid business relationship, (2) the defendant's knowledge of the expectancy, (3) an intentional and unjustified interference by the defendant that induced or caused a breach or termination of the expectancy, and (4) damage to the plaintiff resulting from the defendant's interference." *Foster* v. *Principal Life Ins. Co.,* 806 F.3d 967, 971 (7th Cir. 2015).

Plaintiffs have failed to allege any of the above elements. The Amended Complaint only vaguely alleges the existence of "certain third parties and veteran beneficiaries," without any factual allegations as to who these parties were or what their expected relationship with Plaintiffs was, much less that they were so concrete as to constitute a reasonable expectancy of a business relationship. (Plaintiff's Amended Complaint, pg. 30, par. 183-185). *Bus. Sys. Eng'g, Inc.* v. *Int'l*

8

*Bus. Machines Corp.*, 520 F. Supp. 2d 1012, 1022 (N.D. Ill. 2007), in which the court found that a "reasonable expectation" requires more than the hope or opportunity of a future business relationship. Even if Plaintiffs had alleged that some expectancy existed, Plaintiffs do not allege that Delta had any knowledge of it.

It is well established that tortious interference "must be directed toward the third party or parties with whom the plaintiff had the business expectancy, not simply toward the plaintiff." *Int'l Star Registry of Ill. v. ABC Radio Network, Inc.*, 451 F. Supp. 2d 982, 992 (N.D. Ill. 2006). Without facts to establish any of the requisite elements for intentional interference with prospective economic advantage, Count X of Plaintiffs' Amended Complaint must be dismissed with prejudice for failure to state a claim.

**VI.     Count XI of Plaintiffs' Amended Complaint should be dismissed for failure to allege that a legal duty was owed and for failure to state a claim under negligence.**

Count XI of Plaintiffs' Amended Complaint is based upon allegations of negligence against Delta. "State law provides the substantive law in a diversity action" *Maroules v. Jumbo, Inc.*, 452 F.3d 639, 645 (7th Cir. 2006). To establish a cause of action for negligence under Illinois law, a plaintiff must prove: "(1) a duty owed to the plaintiff by the defendant; (2) a breach of that duty; and (3) an injury proximately caused by the breach." *Wilfong v. L.J. Dodd Constr.*, 930 N.E.2d 511, 519 (Ill. App. Ct. 2010). Whether a duty exists is a question of law to be determined by the court. *Fulk v. Ill. Cent. R. Co.*, 22 F.3d 120, 125 (7th Cir. 1994); see also *Mayer v. Gary Partners & Co.*, 29 F.3d 330, 333 (7th Cir. 1994). Duty is determined by asking whether defendant and plaintiff stood in such a relationship to one another that the law imposed upon defendant an obligation of reasonable conduct for the benefit of plaintiff. *Bucheleres v. Chi. Park Dist.*, 665 N.E.2d 826, 831 (Ill. 1996).

Plaintiffs fail to allege any facts that would give rise to a legal duty owed by Delta to Plaintiffs with respect to the demolition of the Subject Properties. Furthermore, Plaintiffs fail to allege that any relationship existed between Plaintiffs and Delta under which a duty could exist. Rather, Plaintiffs only vaguely allege that Delta was negligent when it failed to comply with certain "legal provisions" and "ordinances," none of which are specified by name or reference in Plaintiffs' Amended Complaint.

While Plaintiffs allege Sections 13-9-010, 13-124-070, 13-32-230 and 13-32-240 of the Municipal Code of the City of Chicago ("The Code") earlier in its Amended Complaint, those sections of the Code do not address any legal obligations or requirements with respect to Delta, only to the City of Chicago. (Plaintiffs' Amended Complaint, pgs 4-5, par. 31, pg. 7, par. 42, pg. 11, par. 64, pgs. 11-12, par. 65-68). Those alleged sections of the Code specifically address the legal obligations and requirements of Defendant, City of Chicago, and its employees, with respect to notice and permit requirements as it relates to the demolition of buildings, structures and property.

Without any facts alleged that a legal duty was owed by Delta to Plaintiffs under those above-referenced sections of the Code, Plaintiffs do not allege the requisite elements to state a claim for negligence against Delta. Therefore, Count XI of Plaintiffs' Amended Complaint must be dismissed with prejudice.

## CONCLUSION

WHEREFORE, Defendant, DELTA DEMOLITION, INC., respectfully requests that the court enter an order dismissing Plaintiffs' Amended Complaint against DELTA DEMOLITION, INC. with prejudice and for any other relief that the court deems just and proper under the circumstances.

Date: April 30,2019

Respectfully submitted,

*/s/ Danielle N. Malaty*

Danielle N. Malaty
Tara A. Ryniec
KOPKA PINKUS DOLIN, P.C.
200 West Adams Street, Suite 1200
Chicago, IL 60606
Phone: 312-782-9920
Fax: 312-782-9965
Attorney No.: 6315548
E-mail: DNMalaty@kopkalaw.com
Attorney No.: 6278367
E-mail: TARyniec@kopkalaw.com

## CERTIFICATE OF SERVICE

       I hereby certify that on **April 30, 2019**, I electronically filed the above-mentioned document with the Clerk of the Court using CM/ECF system, which will send notification of such filing to all parties that have appeared in this action.

*/s/ Danielle N. Malaty*
Danielle N. Malaty

Danielle N. Malaty
Tara A. Ryniec
KOPKA PINKUS DOLIN, P.C.
200 West Adams Street, Suite 1200
Chicago, IL 60606
Phone: 312-782-9920
Fax: 312-782-9965
Attorney No.: 6315548
E-mail: DNMalaty@kopkalaw.com
Attorney No.: 6278367
E-mail: TARyniec@kopkalaw.com

# EXHIBIT A

## Dismissal Order dated Oct. 25, 2018

Order to Sue or Defend as an Indigent Person                                CCG N689 C-30M-6/27/07

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Charlene Marsh - PETITIONER

_____
                    Plaintiff/Petitioner

v.

City of Chicago
_____
                    Defendant/Respondent

No. ~~2626443~~ L8C11437

Calendar 7

## ORDER

This matter coming before the Court on an Application and Affidavit to Sue or Defend as an Indigent Person, the Court being fully advised in the premises, IT IS HEREBY ORDERED;

Pursuant to Supreme Court Rule 298 and 735 ILCS 5/5-105:

☐ The applicant is permitted to sue or defend without payment of fees, costs or charges. Fees for the reproduction of any documents contained in the court file or the electronic docket are not waived without specific order of court. The applicant may be ordered to pay any portion of the waived fees or costs out of a settlement or judgment resulting from this action.

☑ The application is denied for the following reason(s): PETITIONER FAILS TO STATE A CLAIM ON WHICH RELIEF MAY BE GRANTED. _This case is hereby dismissed and the status date of 12/20/18 is stricken._

☐ Payment shall be: ☐ made by _____ OR ☐ deferred until _____ OR ☐ other _____
                              (date)                                (date)

ENTERED:

JUDGE JAMES P. FLANNERY
OCT 25 2018
Circuit Court-1505

Dated: _____

_[signature]_ 1505
Judge                           Judge's No

Payment should be made by cash, money order or cashier's check, directly to the Clerk of the Circuit Court of Cook County at the courthouse where you filed your application.

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

ORIGINAL - COURT FILE

# EXHIBIT B

## Plaintiffs' State Court Complaint

Complaint-Verified (This form replaces CCMD-8A)                                    (2/25/05) CCM N00E

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Charlene Marsh Notre Dame Afforwne Unoy

                                    Plaintiff(s)

No. _____ 2018L011437 _____

v.

City of Chicago Commissioner Bldg.

                                    Defendant(s)

Contract _____

Amount Claimed $ 3,000,000. no

Return Date _____

FILED DATE: 10/22/2018 2:04 PM   2018L011437

## COMPLAINT

The Plaintiff(s) claim(s) as follows:

The City of Chicago Dept of Bldg demolished my building
AT 7954 S. Halsted: 808-810 W. 80th ST due to fraud.
The Bldg was demolished on Dec 11, 2017. I made a
Claim with the City Insurance office at 30 N. LaSalle, 8th 7th
Claim # 17-501298-01 given to me by City of Chicago
Attorney Dennis Rafael on Oct 22, 2018. Mr. Rafael called me
On Friday, Oct 19, 2018 at 3pm telling me to sue the City
by Monday, Oct 22, 2018. Which I told him the paper work
that I had provided by the building department states Bldg
demolished on Dec 11, 2017. He replied he would call me back

I, CHARLENE MARSH _____, certify that I am the _____
              (Name)                                                (Name of Attorney if applicable)

plaintiff in the above entitled action. The allegations in this complaint are true.

Atty. No.: _____                    Pro Se 99500              Dated: 10/22/2018 , _____

Atty. (or Pro Se Plaintiff):

Name: CHARLENE MARSH: Notre Dame Afforn

Address: 4250 S. Princeton #606

City/State/Zip: Chicago IL 60609

Telephone: 312-891-9088

_____
Signature

☐ Under penalties as provided by law pursuant to 735 ILCS 5/1-109
the above-signed certifies that the statements set forth herein
are true and correct.

# EXHIBIT C

## Plaintiffs' Second State Court Complaint

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
LAW DIVISION, FIRST DISTRICT

NOTRE DAME AFFORDABLE HOUSING, Inc,     )
an Illinois not-for-profit Corporation          )
                                                )
                    Plaintiff,                  )
                                                )     Case No: 2018L013513
            v.                                  )              CALENDAR/ROOM A
                                                )              TIME 00:00
CITY OF CHICAGO, a Municipal Corporation        )              Property Damage
                    Defendant.                  )

## COMPLAINT

NOW COMES Plaintiff, Notre Dame Affordable Housing, Inc (hereinafter "Notre

Dame"), by and through its attorney, the Sable Law Group, LLC, complaining of the Defendant

City of Chicago (the "City") as follows:

### PARTIES and JURISDICTION

1.      At all times relevant, Plaintiff, Notre Dame, was a not-for-profit organization in

good standing in Illinois in Cook County, Illinois.

2.      At all times relevant, Defendant, City of Chicago, is a municipal corporation

which exists in Cook County, Illinois.

### FACTS COMMON TO ALL COUNTS

3.      At all times relevant, Plaintiff, Notre Dame, was the lawful owner of the property

located at 808-810 West 80th Street ("80th Street Property") and 7954-7958 S Halstead Street

("Halstead Property") Chicago, IL 60620 in Cook County, Illinois.

4.      Defendant, City of Chicago, initiated and authorized the demolition of the

property located at 808-810 West 80th Street, Chicago, Illinois 60620 in Cook County, Illinois.

5.      Plaintiff, Notre Dame Affordable Housing Incorporated ("NDAHI"), is an Illinois

1

not-for-profit organization dedicated to helping veterans founded by Ms. Charlene Marsh who is the current CEO and President of the organization.

6.     NDAHI acquired ownership of the Property on June 3, 2014. The Property is large building with two separate addresses: 7954-7958 South Halsted Street Chicago, Illinois 60620 and at 808-810 West 80th Street, Chicago, IL 60620. (See Exhibit A) – The Deed

7.     The mission of NDAHI is to provide affordable housing to veterans.

8. ·    Ms. Marsh, on behalf of NDAHI, began making improvements to the 80th street Property in order to provide affordable housing for veterans.

9.     NDAHI invested over $175,000 in improvements to the 80th street Property and had has professional architecture drawings commissioned to complete the rest of the renovation.

10.    Eight homeless veterans were scheduled to move into the 80th street Property on January 1, 2018.

11.    The portion of the building located at 7954 South Halsted Street Chicago, Illinois 60620 was boarded up and in plans to be repaired.

12.    On or about December 7, 2017, Ms. Marsh was visiting her Property and took a photo prior to its demolition. There was no notice of demolition or of any other violation posted on the 80th Street side of the Property.

13.    Prior to the demolition, City inspectors took photos of the interior of the property located at 7954 S. Halsted Street Chicago, Illinois 60620 claiming they were photos of the interior of the Property located at 808-810 W. 80th Street, Chicago, IL 60620.

14.    On or about December 11, 2017, the City of Chicago hired Delta Demolition of 1230 North Kostner Avenue Chicago, Illinois 60651 to demolish the Property.

15.     After investigation, Ms. Marsh was told that the Property was demolished due to an anonymous complaint made to 311.

16.     On or about October 16, 2018, Ms. Marsh filed a claim with the City of Chicago Claims Unit, but was instructed that the statute of limitations had lapsed on her claim.

17.     The City claims that the Property was demolished on October 11, 2017 in a letter to NDAHI on December 3, 2018, but in a letter dated October 19, 2018, claimed the date of Loss was December 11, 2017. (Exhibit B)

18.     Pursuant to City records, the permit to demolish the building located at 808-810 West 80th Street Chicago, Illinois 60620 was applied for and granted on December 11, 2017. (Exhibit C).

19.     Prior to the demolition, the City records show that on November 30, 2017, the Property passed the City's final inspection. (Exhibit C)

20.     The cost to replace the demolished building is over 2,700,000.00.

## COUNT 1- NEGLIGENCE

21.     Plaintiff re-alleges and fully reincorporates paragraphs 1-20.

22.     "The essential elements of a cause of action based on common law negligence may be stated briefly as follows: the existence of a duty owed by the defendant to the plaintiff, a breach of that duty, and an injury proximately caused by that breach". *Ward v. K Mart Corp.*, 136 Ill.2d 132, 140 (68962) (1990).

23.     The Defendant owed the Plaintiff a duty not to create damage to her real or personal property.

3

24.     In demolishing property owned by private parties, the City owes a special care and duty to make sure that adequate notice is provided to the property owner as well as that they are demolishing the correct property.

25.     It is foreseeable that if the wrong property is demolished or if there was not adequate notice to the property owner, that damage will be caused to the property owner.

26.     The Defendant breached that duty when the Property was demolished and demolished without adequate notice to Plaintiff.

27.     The demolition of the Property was the proximate cause of the loss to Plaintiff.

WHEREFORE, Plaintiff, NDAHI, prays that his Honorable Court find that:

    A.   Defendant were negligent in demolition of Plaintiff's property.

    B.   Award Plaintiff replacement costs in the amount of $2,700,000 for her property as well as attorney's fees and costs.

    C.   Any such other relief as this Court deems equitable and just.

## COUNT 2 – 5th AMENDMENT VIOLATION – TAKINGS CLAUSE

28.     Plaintiff re-alleges and fully reincorporates paragraphs 1-20.

29.     The Fifth Amendment of the United States Constitution, which is made applicable to the States through the Fourteenth Amendment of the United States Constitution, provides that: "No person shall be ... deprived of... property without due process of law; nor shall private property be taken for public use without just compensation."

30.     NDHAI's Property was demolished by the City through Delta Demolition.

31.     NDHAI was not provided adequate notice and thereby due process of law before it's Property was demolished.

32.     NDHAI is owed compensation for the loss of its Property.

4

WHEREFORE, Plaintiff, NDAHI, prays that his Honorable Court find that:

    A.  Defendant violated Plaintiff's 5th Amendment rights in demolition of Plaintiff's property.

    B.  Award Plaintiff replacement costs in the amount of $2,700,000 for her property as well as attorney's fees and costs.

    C.  Any such other relief as this Court deems equitable and just.

## COUNT 3 – ILLEGAL DEMOLITION (In the Alternative)

33.    Plaintiff re-alleges and fully reincorporates paragraphs 1-20.

34.    If as the City claims the Property was demolished on October 19, 2017, there was not lawful permit on record that was issued for its demolition.

35.    The City demolished the Plaintiff's Property without proper authority and procedure breaching the Plaintiff's rights.

WHEREFORE, Plaintiff, NDAHI, prays that his Honorable Court find that:

    A.  Defendant performed an illegal demolition of Plaintiff's property.

    B.  Award Plaintiff replacement costs in the amount of $2,700,000 for her property as well as attorney's fees and costs.

    C.  Any such other relief as this Court deems equitable and just.

Respectfully submitted,

_____

Attorney for Plaintiff

5

Adella S.Deacon, Esq. #61374
Sable Law Group, LLC
1132 S Wabash Ave, Ste 604
Chicago, IL 60605
312.469.0622
adella@sablelawgroup.com

FILED
DEC 11 2018
DOROTHY BROWN
CLERK OF CIRCUIT COURT

# EXHIBIT A



Doc#: 1415419090 Fee: $44.00
R+SP Fee:$9.00 RPRF Fee: $1.00
Affidavit Fee: $2.00
Karen A. Yarbrough
Cook County Recorder of Deeds
Date: 06/03/2014 03:53 PM Pg: 1 of 4

| Recording requested by: _____ | Space above reserved for use by Recorder's Office |
|---|---|
| When recorded, mail to: | Document prepared by: |
| Name: *NOTRE DAME Affordable Housing* | Name *Charlene BARSH* |
| Address: *466 E RAndolph ST # 3330* | Address *400E RANdolph ST. # 2416* |
| City/State/Zip: *Chicago, IL 60601* | City/State/Zip *Chicago, IL 60601* |

Property Tax Parcel Account Number: *20 32 307 627*

# Quitclaim Deed

This Quitclaim Deed is made on *JUNE 3rd 2014*, between *LEROY Singleton*, Grantor, of *7954-7958 S Halsted St.*, City of *CHICAGO*, State of *ILLINOIS*, and *NOTRE DAME Affordable Housing*, Grantee, of *406 E RANdolph ST, # 3230*, City of *Chicago*, State of *ILLINOIS*.

For valuable consideration, the Grantor hereby quitclaims and transfers all right, title, and interest held by the Grantor in the following described real estate and improvements to the Grantee, and his or her heirs and assigns, to have and hold forever, located at *7954-7958. S Halsted ST*, City of *Chicago*, State of *ILLINOIS*.

Subject to all easements, rights of way, protective covenants, and mineral reservations of record, if any. Taxes for the tax year of _____ shall be prorated between the Grantor and Grantee as of the date of recording of this deed.

Quitclaim Deed Pg.1 (11-12)

## STATEMENT BY GRANTOR AND GRANTEE

The grantor or his agent affirms that, to the best of his knowledge, the name of the grantee shown on the deed or assignment of beneficial interest in a land trust is either a natural person, an Illinois corporation or foreign corporation authorized to do business or acquire and hold title to real estate in Illinois, a partnership authorized to do business or acquire and hold title to real estate in Illinois, or other entity recognized as a person and authorized to do business or acquire title to real estate under the laws of the State of Illinois.

Dated __June 03, 2014__, 20_14_

Signature: _Leroy Singleton_

Grantor or Agent

Subscribed and sworn to before me
By the said _____
This _3_, day of _June_, 20_14_
Notary Public _____

OFFICIAL SEAL
CATHERINE L HARDAWAY
Notary Public - State of Illinois
My Commission Expires Jan 27, 2015

The grantee or his agent affirms and verifies that the name of the grantee shown on the deed or assignment of beneficial interest in a land trust is either a natural person, an Illinois corporation or foreign corporation authorized to do business or acquire and hold title to real estate in Illinois, a partnership authorized to do business or acquire and hold title to real estate in Illinois or other entity recognized as a person and authorized to do business or acquire title to real estate under the laws of the State of Illinois.

Date __06/05/__, 20_14_

Signature: _Charles Muir_

Grantee or Agent

Subscribed and sworn to before me
By the said _____
This _3_, day of _June_, 20_14_
Notary Public _____

OFFICIAL SEAL
CATHERINE L HARDAWAY
Notary Public - State of Illinois
My Commission Expires Jan 27, 2015

Note: Any person who knowingly submits a false statement concerning the identity of a Grantee shall be guilty of a Class C misdemeanor for the first offense and of a Class A misdemeanor for subsequent offenses.

(Attach to deed or ABI to be recorded in Cook County, Illinois if exempt under provisions of Section 4 of the Illinois Real Estate Transfer Tax Act.)

EXHIBIT B



VIA CERTIFIED & U. S. MAIL

October 19, 2018

NORTE DAME AFFORDABLE HOUSING INC.
4250 S. PRINCETON AVE #606
CHICAGO IL 60609

RE:    Our Client:        City of Chicago
       Claimant:          NORTE DAME AFFORDABLE HOUSING INC.
       Loss Date:         12/11/2017
       Our File #:        CI-17-S01297-01

Dear NORTE DAME AFFORDABLE HOUSING INC.:

This letter will acknowledge receipt of your claim filed with the City of Chicago and will
further serve to advise that your claim is subject to a one year Statute of Limitations.  The
Statute will expire on the one-year anniversary of the loss.

In the event, prior to that date, you fail to resolve or pursue further legal recourse, your
ability to do so will forever be lost.

Your claim is under investigation and we will be in contact with you upon its completion.

Sincerely,

Dennis Rafael
Claims Specialist
312-744-8692



CITY OF CHICAGO
DEPARTMENT OF LAW
City Claims Unit

U.S. MAIL AND CERTIFIED

December 3, 2018

NORTE DAME AFFORDABLE HOUSING
4250 S. PRINCETON AVE #606
CHICAGO IL. 60609

RE:  Our Client:       City of Chicago
     Claimant:        NORTE DAME AFFORDABLE HOUSING
     Date of Loss:    10/11/2017
     Our File:        CI-17-501297-01

DEAR, CHARLENE MARSH,

This office represents the City of Chicago, which is self-insured for General Liability coverage applicable to the above captioned date of incident.

Our Principal, the City of Chicago has requested that we advise you that upon completion of the investigation, they find that they will be unable to assist you with any settlement of damages or costs which you may have sustained due to this incident.

Our Principal regrets that it must decline any claim resulting from this incident.

Sincerely,

Dennis Rafael, AIC
Claims Specialist
312-744-5652

EXHIBIT C





# Building Permit and Inspection Records

### Disclaimer

The information presented on this website is informational only and does not necessarily reflect the current condition of the building or property. The fact that a permit was issued does not confirm that work was performed, or that work was performed in accordance with that permit and the requirements of the Municipal Code.

Information on inspections and alleged violations reflect conditions found by the inspector at the time of the inspection and not necessarily the current status of those alleged violations or the current condition of the property. The absence of alleged violations on this website does not mean a building or property is in compliance with the requirements of the Municipal Code.

The Department of Buildings may refer certain alleged violations to the City's Department of Law for enforcement proceedings in the Department of Administrative Hearings or the Circuit Court of Cook County. Please contact the Department of Administrative Hearings or the Clerk of the Circuit Court, respectively to obtain records of these proceedings.

## INPUT ADDRESS

808 W 80TH ST

## RANGE ADDRESS

7954-7958 S HALSTED ST CHICAGO IL 60620
808-810 W 80TH ST CHICAGO IL 60620

## BUILDING ATTRIBUTES

| BLDG ID | STORIES | BASEMENT | LENGTH | WIDTH | HEIGHT | FLR AREA | CONSTR TYPE |
|---------|---------|----------|--------|-------|--------|----------|-------------|
| 620967  | 2       | Y        | 125    | 55    | 0      | 6875     | 3B          |

## BUILDING PERMITS

12/10/2018                                    Building Permit and Inspection Records

| PERMIT # | DATE ISSUED | DESCRIPTION OF WORK |
|---|---|---|
| 100730643 | 12/11/2017 | EMERGENCY WRECK AND REMOVE A 2 STORY MASONRY MIXED USE BUILDING |
| 100189414 | 07/16/2007 | MASONRY REPAIRS ONLY. ALL WORK SAME AS EXISTING. |
| 105288 | 04/10/2002 | 21 speakers,2 amplifiers,8 microphones,1 dbs reciever plus antenna |
| 100797 | 02/28/2002 | installaton of security system |
| 97124 | 01/29/2002 | SWITCH IS PART OF UL SIGN SOUTH ELEVATION,EAST END, FACING PARKING LOT 370899 |
| 97123 | 01/29/2002 | SWITCH IS PART OF UL SIGN EAST ELEVATION,SOUTH END,FACING HALSTED ST 370898 |
| 67281 | 10/16/2001 | TEMPORARY SERVICE 200AMP |
| B97049431 | 11/06/1997 | REPLACING PLUMBING FIXTURES REMOVING PLASTIC PIPE |
| EL0723345 | 09/12/1997 | CKTS, FIXTS, RECEPTS (SEE ORIG APPL) |
| ES2447764 | 02/16/1967 | |
| ES2361915 | 01/22/1965 | |

## BUILDING CODE ENFORCEMENT CASE ACTIVITY

| CASE NUMBER | CASE TYPE |
|---|---|
| INFO NOT AVAILABLE | CIRCUIT COURT |
| 14ZO391441 | ADMINISTRATIVE HEARING |
| 10IO273272 | ADMINISTRATIVE HEARING |
| 09Z0196221 | ADMINISTRATIVE HEARING |
| 07ZO136935 | ADMINISTRATIVE HEARING |
| 07ZO124224 | ADMINISTRATIVE HEARING |
| 06S098240 | ADMINISTRATIVE HEARING |

## DEPARTMENT OF BUILDINGS INSPECTIONS

| INSP # | INSPECTION DATE | STATUS | TYPE DESCRIPTION |
|---|---|---|---|
| 12440991 | 06/12/2018 | CLOSED | SIGN ANNUAL INSPECTION |

| INSP # | INSPECTION DATE | STATUS | TYPE DESCRIPTION |
|---|---|---|---|
| 12370270 | 11/30/2017 | PASSED | FINAL INSPECTION |
| 12348742 | 10/23/2017 | PASSED | BACKFILL |
| 12340869 | 10/06/2017 | CLOSED | CHECKLIST INSPECTION |
| 11703597 | 07/25/2016 | CLOSED | ASSEMBLY/AMUSEMENT ANNUAL INSP |
| 11516278 | 05/04/2016 | CLOSED | SIGN ANNUAL INSPECTION |
| 11877172 | 05/04/2016 | CLOSED | SIGN ANNUAL INSPECTION |
| 11251189 | 10/08/2015 | FAILED | ASSEMBLY/AMUSEMENT ANNUAL INSP |
| 11169183 | 06/17/2014 | PASSED | SIGN ANNUAL INSPECTION |
| 11169184 | 06/17/2014 | CLOSED | SIGN ANNUAL INSPECTION |
| 11049935 | 05/07/2014 | FAILED | ASSEMBLY/AMUSEMENT ANNUAL INSP |
| 10902076 | 09/06/2013 | FAILED | ASSEMBLY/AMUSEMENT ANNUAL INSP |
| 10385922 | 11/16/2012 | FAILED | ASSEMBLY/AMUSEMENT ANNUAL INSP |
| 10593785 | 07/18/2012 | PASSED | SIGN ANNUAL INSPECTION |
| 10593786 | 07/18/2012 | PASSED | SIGN ANNUAL INSPECTION |
| 9915314 | 08/30/2011 | FAILED | ASSEMBLY/AMUSEMENT ANNUAL INSP |
| 9853035 | 12/02/2010 | PASSED | SIGN ANNUAL INSPECTION |
| 9853036 | 12/02/2010 | PASSED | SIGN ANNUAL INSPECTION |
| 10010381 | 07/22/2010 | FAILED | COMPLAINT INSPECTION |
| 2719885 | 04/06/2010 | FAILED | ASSEMBLY/AMUSEMENT ANNUAL INSP |
| 1574897 | 07/27/2009 | CLOSED | CONSERVATION COMPLAINT INSPECT |
| 1940738 | 07/27/2009 | CLOSED | DOB NEW CONSTRUCTION INSP |
| 2561224 | 05/08/2009 | FAILED | ASSEMBLY/AMUSEMENT ANNUAL INSP |
| 2536208 | 04/13/2009 | PASSED | SIGN ANNUAL INSPECTION |
| 2536209 | 04/13/2009 | PASSED | SIGN ANNUAL INSPECTION |
| 2689116 | 04/01/2009 | CLOSED | SIGN ANNUAL INSPECTION |
| 2286530 | 12/04/2008 | FAILED | ASSEMBLY/AMUSEMENT ANNUAL INSP |
| 2199987 | 04/24/2008 | PASSED | SIGN ANNUAL INSPECTION |
| 2199986 | 04/24/2008 | PASSED | SIGN ANNUAL INSPECTION |
| 2205343 | 04/17/2008 | CLOSED | SIGN ANNUAL INSPECTION |
| 2205342 | 04/17/2008 | CLOSED | SIGN ANNUAL INSPECTION |

12/10/2018                                    Building Permit and Inspection Records

| INSP # | INSPECTION DATE | STATUS | TYPE DESCRIPTION |
|---|---|---|---|
| 1986640 | 01/08/2008 | FAILED | ASSEMBLY/AMUSEMENT ANNUAL INSP |
| 1907820 | 09/14/2007 | FAILED | ASSEMBLY/AMUSEMENT ANNUAL INSP |
| 1743934 | 05/03/2007 | FAILED | ASSEMBLY/AMUSEMENT ANNUAL INSP |
| 1814012 | 04/26/2007 | PASSED | SIGN ANNUAL INSPECTION |
| 1808218 | 04/26/2007 | PASSED | SIGN ANNUAL INSPECTION |
| 1808219 | 04/26/2007 | PASSED | SIGN ANNUAL INSPECTION |
| 1814011 | 04/26/2007 | PASSED | SIGN ANNUAL INSPECTION |
| 1574882 | 10/04/2006 | FAILED | CONSERVATION COMPLAINT INSPECT |
| 1296363 | 05/27/2006 | PASSED | SIGN ANNUAL INSPECTION |
| 1302472 | 05/27/2006 | PASSED | SIGN ANNUAL INSPECTION |
| 1302471 | 05/27/2006 | PASSED | SIGN ANNUAL INSPECTION |
| 1296362 | 05/27/2006 | PASSED | SIGN ANNUAL INSPECTION |
| 1047886 | 05/23/2005 | PASSED | SIGN ANNUAL INSPECTION |
| 1037717 | 05/23/2005 | PASSED | SIGN ANNUAL INSPECTION |
| 1037718 | 05/23/2005 | PASSED | SIGN ANNUAL INSPECTION |
| 1047885 | 05/23/2005 | PASSED | SIGN ANNUAL INSPECTION |
| 726427 | 06/06/2004 | PASSED | SIGN ANNUAL INSPECTION |
| 719631 | 06/06/2004 | PASSED | SIGN ANNUAL INSPECTION |
| 726428 | 06/06/2004 | PASSED | SIGN ANNUAL INSPECTION |
| 719632 | 06/06/2004 | PASSED | SIGN ANNUAL INSPECTION |
| 399272 | 06/11/2003 | PASSED | SIGN ANNUAL INSPECTION |
| 419744 | 06/11/2003 | PASSED | SIGN ANNUAL INSPECTION |
| 405111 | 06/11/2003 | PASSED | SIGN ANNUAL INSPECTION |
| 419528 | 06/11/2003 | PASSED | SIGN ANNUAL INSPECTION |
| 219840 | 11/13/2002 | PASSED | SIGN PERMIT INSPECTION |
| 219845 | 11/13/2002 | PASSED | SIGN PERMIT INSPECTION |
| 212690 | 07/12/2002 | PASSED | SIGN ANNUAL INSPECTION |
| 212691 | 07/12/2002 | PASSED | SIGN ANNUAL INSPECTION |
| 226023 | 04/03/2002 | PASSED | ELECTRICAL PERMIT INSPECTION |
| 224431 | 03/08/2002 | PARTIAL PASSED | ELECTRICAL PERMIT INSPECTION |

| INSP # | INSPECTION DATE | STATUS | TYPE DESCRIPTION |
|--------|-----------------|--------|------------------|
| 9634339 | 01/07/2002 | PASSED | ELECTRICAL PERMIT INSPECTION |

## ALLEGED CODE VIOLATIONS

| | ASSEMBLY/AMUSEMENT ANNUAL INSP # 11703597   INSPECTION DATE: 07/25/2016 | Number of Violations: 3 |
|--|--|--|
| VIOLATIONS | BUILDING CODE CITATION | VIOLATION DETAILS |
| 199029 | | FAILURE TO PERMIT ACCESS FOR ANNUAL INSPECTION 13-20-020, ATTEMPTED INSPECTION 04/06/2010,08/30/2011 AND 11/16/2012 AND 9/6/13. STICKER LEFT ON DOOR. NO ONE CONTACTED DEPT.OF BUILDINGS TO ALLOW ACCESS. TO ARRANGE INSPECTION PLEASE CALL 312-743-3610 |
| CN061014 | Failed to maintain the exterior walls of a building or structure free from holes, breaks, loose or rotting boards or timbers and any other conditions which might admit rain or dampness to the walls. (13-196-530(b), 13-196-641) | ALL ELEVATIONS - FRACTURES, OPEN MORTAR JOINTS AND WASHED OUT MORTAR AT VARIOUS LOCATIONS THROUGHOUT. |
| NC2011 | Performed or allowed work to be performed without submitting plans prepared, signed and sealed by a licensed architect or registered structural engineer for approval and without obtaining a permit to perform the work. (13-32-010, 13-32-040, 13-40-020, 13-12-050) | PROVIDE DOCUMENTATION (PLANS AND PERMITS) FOR 1ST FLR ALTERATIONS /REHAB. CEILING, WALLS, BAR, AND BATHROOM WALLS REMOVED (GUTTED). |
| | ASSEMBLY/AMUSEMENT ANNUAL INSP # 11251189   INSPECTION DATE: 10/08/2015 | Number of Violations: 3 |
| VIOLATIONS | BUILDING CODE CITATION | VIOLATION DETAILS |

| | | |
|---|---|---|
| 199029 | | FAILURE TO PERMIT ACCESS FOR ANNUAL INSPECTION 13-20-020. ATTEMPTED INSPECTION 04/06/2010,08/30/2011 AND 11/16/2012 AND 9/6/13. STICKER LEFT ON DOOR. NO ONE CONTACTED DEPT.OF BUILDINGS TO ALLOW ACCESS. TO ARRANGE INSPECTION PLEASE CALL 312-743-3610 |
| CN061014 | Failed to maintain the exterior walls of a building or structure free from holes, breaks, loose or rotting boards or timbers and any other conditions which might admit rain or dampness to the walls. (13-196-530(b), 13-196-641) | ALL ELEVATIONS - FRACTURES, OPEN MORTAR JOINTS AND WASHED OUT MORTAR AT VARIOUS LOCATIONS THROUGHOUT. |
| NC2011 | Performed or allowed work to be performed without submitting plans prepared, signed and sealed by a licensed architect or registered structural engineer for approval and without obtaining a permit to perform the work. (13-32-010, 13-32-040, 13-40-020, 13-12-050) | PROVIDE DOCUMENTATION (PLANS AND PERMITS) FOR 1ST FLR ALTERATIONS /REHAB. CEILING, WALLS, BAR, AND BATHROOM WALLS REMOVED (GUTTED). |

ASSEMBLY/AMUSEMENT ANNUAL INSP # 11049935   INSPECTION DATE: 05/07/2014                Number of Violations: 3

| VIOLATIONS | BUILDING CODE CITATION | VIOLATION DETAILS |
|---|---|---|
| 199029 | | FAILURE TO PERMIT ACCESS FOR ANNUAL INSPECTION 13-20-020. ATTEMPTED INSPECTION 04/06/2010,08/30/2011 AND 11/16/2012 AND 9/6/13. STICKER LEFT ON DOOR. NO ONE CONTACTED DEPT.OF BUILDINGS TO ALLOW ACCESS. TO ARRANGE INSPECTION PLEASE CALL 312-743-3610 |
| CN061014 | Failed to maintain the exterior walls of a building or structure free from holes, breaks, loose or rotting boards or timbers and any other conditions which might admit rain or dampness to the walls. (13-196-530(b), 13-196-641) | ALL ELEVATIONS - FRACTURES, OPEN MORTAR JOINTS AND WASHED OUT MORTAR AT VARIOUS LOCATIONS THROUGHOUT. |

| | | |
|---|---|---|
| NC2011 | Performed or allowed work to be performed without submitting plans prepared, signed and sealed by a licensed architect or registered structural engineer for approval and without obtaining a permit to perform the work. (13-32-010, 13-32-040, 13-40-020, 13-12-050) | PROVIDE DOCUMENTATION (PLANS AND PERMITS) FOR 1ST FLR ALTERATIONS /REHAB. CEILING, WALLS, BAR, AND BATHROOM WALLS REMOVED (GUTTED). |
| | ASSEMBLY/AMUSEMENT ANNUAL INSP # 10902076   INSPECTION DATE: 09/06/2013 | Number of Violations: 3 |

| VIOLATIONS | BUILDING CODE CITATION | VIOLATION DETAILS |
|---|---|---|
| 199029 | | FAILURE TO PERMIT ACCESS FOR ANNUAL INSPECTION 13-20-020. ATTEMPTED INSPECTION 04/06/2010,08/30/2011 AND 11/16/2012 AND 9/6/13. STICKER LEFT ON DOOR. NO ONE CONTACTED DEPT.OF BUILDINGS TO ALLOW ACCESS. TO ARRANGE INSPECTION PLEASE CALL 312-743-3610 |
| CN061014 | Failed to maintain the exterior walls of a building or structure free from holes, breaks, loose or rotting boards or timbers and any other conditions which might admit rain or dampness to the walls. (13-196-530(b), 13-196-641) | ALL ELEVATIONS - FRACTURES, OPEN MORTAR JOINTS AND WASHED OUT MORTAR AT VARIOUS LOCATIONS THROUGHOUT. |
| NC2011 | Performed or allowed work to be performed without submitting plans prepared, signed and sealed by a licensed architect or registered structural engineer for approval and without obtaining a permit to perform the work. (13-32-010, 13-32-040, 13-40-020, 13-12-050) | PROVIDE DOCUMENTATION (PLANS AND PERMITS) FOR 1ST FLR ALTERATIONS /REHAB. CEILING, WALLS, BAR, AND BATHROOM WALLS REMOVED (GUTTED). |
| | ASSEMBLY/AMUSEMENT ANNUAL INSP # 10385922   INSPECTION DATE: 11/16/2012 | Number of Violations: 2 |

| VIOLATIONS | BUILDING CODE CITATION | VIOLATION DETAILS |
|---|---|---|

| | | |
|---|---|---|
| 199029 | | FAILURE TO PERMIT ACCESS FOR ANNUAL INSPECTION 13-20-020. ATTEMPTED INSPECTION 04/06/2010,08/30/2011 AND 11/16/2012. STICKER LEFT ON DOOR. NO ONE CONTACTED DEPT.OF BUILDINGS TO ALLOW ACCESS. TO ARRANGE INSPECTION PLEASE CALL 312-743-3610 |
| CN104015 | Replace broken, missing or defective window panes. (13-196-550 A) | TWO FRONT PLATE WINDOWS MISSING/BROKEN AT BAR 1ST FLOOR |
| | ASSEMBLY/AMUSEMENT ANNUAL INSP # 9915314  INSPECTION DATE: 08/30/2011 | Number of Violations: 2 |

| VIOLATIONS | BUILDING CODE CITATION | VIOLATION DETAILS |
|---|---|---|
| 199029 | | FAILURE TO PERMIT ACCESS FOR ANNUAL INSPECTION 13-20-020. ATTEMPTED INSPECTION 04/06/2010 AND 08/30/2011. STICKER LEFT ON DOOR. NO ONE CONTACTED DEPT. OF BUILDINGS TO ALLOW ACCESS. PLEASE CALL 312-743-3610 TO ARRANGE FOR INSPECTION. |
| CN061014 | Failed to maintain the exterior walls of a building or structure free from holes, breaks, loose or rotting boards or timbers and any other conditions which might admit rain or dampness to the walls. (13-196-530(b), 13-196-641) | NORTH AND SOUTH ELEVATION OPEN MORTAR JOINTS |
| | ASSEMBLY/AMUSEMENT ANNUAL INSP # 2719885  INSPECTION DATE: 04/06/2010 | Number of Violations: 1 |

| VIOLATIONS | BUILDING CODE CITATION | VIOLATION DETAILS |
|---|---|---|
| 199029 | | Failure to permit access for Annual Inspection 13-20-020. Attempted Inspection 04/06/10. Sticker left on door. No one contacted Department of Buildings to allow access. To arrange inspection of premises please call (312) 743 - 3538. |
| | ASSEMBLY/AMUSEMENT ANNUAL INSP # 2561224  INSPECTION DATE: 05/08/2009 | Number of Violations: 5 |

| VIOLATIONS | BUILDING CODE CITATION | VIOLATION DETAILS |
|---|---|---|

| | | |
|---|---|---|
| CN010012 | Failed to enclose heating plant room with noncombustible walls, partitions, floors and ceilings with at least one hour fire resistance. (15-8-190, 15-8-220) | Breaches at furnace room in basement |
| CN011012 | Failed to provide self-closing, framed, 1-1/2 hour Class B fire door or other approved opening protective assembly for heating plant and/or boiler room. (15-8-230) | Repair class "B" door at basement stairwell |
| CN015042 | Failed to provide exit door with approved latch or bolt that releases under 15 pounds pressure in institutional uses such as nursing homes, hospitals or day care centers. (13-160-260(e)) | Provide panic hardware on all exits |
| CN039013 | Failed to post in a conspicuous location, the approved occupancy card indicating the number of people who may legally occupy such rooms and space in every theater, public assembly unit or open air assembly unit and in every room or portion of such units. (13-84-410) | Provide new diagram for occupancy card-exits, (3) have been eliminated, fixed seating removed |
| CN104015 | Replace broken, missing or defective window panes. (13-196-550 A) | Repair plate glass at north exit |

| | | |
|---|---|---|
| | ASSEMBLY/AMUSEMENT ANNUAL INSP # 2286530  INSPECTION DATE: 12/04/2008 | Number of Violations: 6 |

| VIOLATIONS | BUILDING CODE CITATION | VIOLATION DETAILS |
|---|---|---|
| 199029 | | Failure to permit access for Annual Inspection 13-20-020. Attempted inspection 12/04/08. Sticker left on door. No one contacted Dept. of Buildings to allow access. Please call (312) 743-3610 to arrange for inspection. |
| CN010012 | Failed to enclose heating plant room with noncombustible walls, partitions, floors and ceilings with at least one hour fire resistance. (15-8-190, 15-8-220) | Breaches at furnace room in basement |
| CN011012 | Failed to provide self-closing, framed, 1-1/2 hour Class B fire door or other approved opening protective assembly for heating plant and/or boiler room. (15-8-230) | Repair class "B" door at basement stairwell |

| CN015042 | Failed to provide exit door with approved latch or bolt that releases under 15 pounds pressure in institutional uses such as nursing homes, hospitals or day care centers. (13-160-260(e)) | Provide panic hardware on all exits |
| CN039013 | Failed to post in a conspicuous location, the approved occupancy card indicating the number of people who may legally occupy such rooms and space in every theater, public assembly unit or open air assembly unit and in every room or portion of such units. (13-84-410) | Provide new diagram for occupancy card-exits, (3) have been eliminated, fixed seating removed |
| CN104015 | Replace broken, missing or defective window panes. (13-196-550 A) | Repair plate glass at north exit |
| | ASSEMBLY/AMUSEMENT ANNUAL INSP # 1986640  INSPECTION DATE: 01/08/2008 | Number of Violations: 5 |

| VIOLATIONS | BUILDING CODE CITATION | VIOLATION DETAILS |
| --- | --- | --- |
| CN010012 | Failed to enclose heating plant room with noncombustible walls, partitions, floors and ceilings with at least one hour fire resistance. (15-8-190, 15-8-220) | Breaches at furnace room in basement |
| CN011012 | Failed to provide self-closing, framed, 1-1/2 hour Class B fire door or other approved opening protective assembly for heating plant and/or boiler room. (15-8-230) | Repair class "B" door at basement stairwell |
| CN015042 | Failed to provide exit door with approved latch or bolt that releases under 15 pounds pressure in institutional uses such as nursing homes, hospitals or day care centers. (13-160-260(e)) | Provide panic hardware on all exits |
| CN039013 | Failed to post in a conspicuous location, the approved occupancy card indicating the number of people who may legally occupy such rooms and space in every theater, public assembly unit or open air assembly unit and in every room or portion of such units. (13-84-410) | Provide new diagram for occupancy card-exits, (3) have been eliminated, fixed seating removed |
| CN104015 | Replace broken, missing or defective window panes. (13-196-550 A) | Repair plate glass at north exit |
| | ASSEMBLY/AMUSEMENT ANNUAL INSP # 1907820  INSPECTION DATE: 09/14/2007 | Number of Violations: 1 |

| VIOLATIONS | BUILDING CODE CITATION | VIOLATION DETAILS |
|---|---|---|
| CN039013 | Failed to post in a conspicuous location, the approved occupancy card indicating the number of people who may legally occupy such rooms and space in every theater, public assembly unit or open air assembly unit and in every room or portion of such units. (13-84-410) | Provide new diagram for occupancy card-exits, (3) have been eliminated, fixed seating removed |
|  | ASSEMBLY/AMUSEMENT ANNUAL INSP # 1743934   INSPECTION DATE: 05/03/2007 | Number of Violations: 1 |

| VIOLATIONS | BUILDING CODE CITATION | VIOLATION DETAILS |
|---|---|---|
| 199029 |  | FAILURE TO PERMIT ACCESS FOR ANNUAL INSPECTION 13-20-020. ATTEMPTED INSPECTION 5-03-07. STICKER LEFT ON DOOR. NO ONE CONTACTED DEPT. OF BUILDINGS TO ALLOW ACCESS. TO ARRANGE INSPECTION PLEASE CALL (312) 743-3538. |
|  | FINAL INSPECTION # 12370270   INSPECTION DATE: 11/30/2017 | Number of Violations: 1 |

| VIOLATIONS | BUILDING CODE CITATION | VIOLATION DETAILS |
|---|---|---|
|  | BACKFILL # 12348742   INSPECTION DATE: 10/23/2017 | Number of Violations: 1 |

| VIOLATIONS | BUILDING CODE CITATION | VIOLATION DETAILS |
|---|---|---|
|  | CHECKLIST INSPECTION # 12340869   INSPECTION DATE: 10/06/2017 | Number of Violations: 6 |

| VIOLATIONS | BUILDING CODE CITATION | VIOLATION DETAILS |
|---|---|---|
| CN002081 | Submit for approval plans prepared, signed, and sealed by licensed architect or licensed engineer and obtain permit for all but emergency repairs. (13-32-010, 13-40-010, 13-40-020) |  |

CN193000 Maintain building in safe condition so it does not constitute actual and imminent danger to public. (13-12-130, 13-8-100, 13-12-120, 13-12-125, 65 ILCS 5/11-31-1) Maintain building windows and doors in safe condition. (13-196-550) Maintain stairway and porch in safe condition. (13-196-570) Maintain floors, walls, and ceilings in safe condition. (13-196-540) Maintain building in safe condition. Premises now dangerous as vacant and open, uncompleted and abandoned, or vacant and boarded. (13-12-130, 13-12-125) Maintain watchman at vacant or open premises. (13-12-140)

CN193019 Repair or wreck dangerous and vacant residential premises. (13-8-100, 13-12-125, 13-12-130)

CN193029 Maintain watchman from 4:00 PM to 8:00 AM for vacant and dangerous residential premises. (13-12-140)

CN193110 Register vacant building within 30 days of it becoming vacant, or within 30 days after assuming ownership of an existing vacant building. (13-12-125(a)). Building must be kept in compliance with all vacant building requirements pursuant to 13-12-135. See Vacant Building Ordinance and registration form at https://ipiweb.cityofchicago.org/VBR

CN196039 Post, on abandoned building, name, address and telephone of owner and owner's agent for managing, controlling or collecting rents on building so legible from nearest public street or sidewalk. (13-12-125)

COMPLAINT INSPECTION # 10010381  Number of Violations: 1
INSPECTION DATE: 07/22/2010

| VIOLATIONS | BUILDING CODE CITATION | VIOLATION DETAILS |
| --- | --- | --- |
| IR0000 | Employ licensed architect or registered structural engineer to prepare written report showing structural condition of exposed metal structure and support. (13-96-830, 13-96-840, 13-96-860) | SUBMIT ENGINEERS REPORT |

CONSERVATION COMPLAINT INSPECT #    Number of Violations: 12
1574897   INSPECTION DATE: 07/27/2009

| VIOLATIONS | BUILDING CODE CITATION | VIOLATION DETAILS |
|---|---|---|
| CN015062 | Failed to remove obstruction from exitway that hampers travel and evacuation. (13-160-070, 13-196-080) | west gate padlock |
| CN041063 | Failed to cut or remove weeds, grass or other growth that present a fire hazard. (15-4-970) | west and north building area high weeds |
| CN061014 | Failed to maintain the exterior walls of a building or structure free from holes, breaks, loose or rotting boards or timbers and any other conditions which might admit rain or dampness to the walls. (13-196-530(b), 13-196-641) | exterior wall mortar missing east wall buckling out and lime stones open joints and off set south wall lime stones buckling out and open joints permit to reset stones and tuckpointing dangerous and hazardous |
| CN062024 | Failed to maintain parapet wall in good repair and free from cracks and defects. (13-196-530 and 13-196-641) | parapet wall mortar missing and buckling |
| CN062034 | Failed to maintain roof coping in good repair and free from cracks defects. (13-196-530, 13-196-530(c) and 13-196-641) | coping stone open stones |
| CN065034 | Failed to maintain window sill in good repair and free from cracks and defects. (13-196-530(e), 13-196-550, 13-196-641) | window sills open joints |
| CN073014 | Failed to maintain exterior door in sound condition and repair. (13-196-550(d) and (e), 13-196-641) | 7954 exterior door broken |
| CN073024 | Failed to maintain exterior door frames to exclude rain and wind from entering building and otherwise in sound condition and repair. (13-196-550, 13-196-550(f), 13-196-641) | exterior door frames rotted and wood split |
| CN104035 | Failed to maintain windows in sound condition and good repair. (13-196-550(b) and (f)) · | south elevation 808-10 window frame casing missing window frames dry rotted |
| CN131016 | Screen outer doors, windows, and other outer openings adequately from April 15th to Nov 15th. (13-196-560 B) | window screens missing |

Building Permit and Inspection Records

| | | |
|---|---|---|
| CN196029 | Post name, address, and telephone of owner, owner's agent for managing, controlling or collecting rents, and any other person managing or controlling building conspicuously where accessible or visible to public way. (13-12-030) | post ownership |
| CN198019 | File building registration statement with Building Dept. (13-10-030, 13-10-040) | register building for 1998-2006 |

CONSERVATION COMPLAINT INSPECT # 1574882  INSPECTION DATE: 10/04/2006                      Number of Violations: 12

| VIOLATIONS | BUILDING CODE CITATION | VIOLATION DETAILS |
|---|---|---|
| CN015062 | Failed to remove obstruction from exitway that hampers travel and evacuation. (13-160-070, 13-196-080) | west gate padlock |
| CN041063 | Failed to cut or remove weeds, grass or other growth that present a fire hazard. (15-4-970) | west and north building area high weeds |
| CN061014 | Failed to maintain the exterior walls of a building or structure free from holes, breaks, loose or rotting boards or timbers and any other conditions which might admit rain or dampness to the walls. (13-196-530(b), 13-196-641) | exterior wall mortar missing east wall buckling out and lime stones open joints and off set south wall lime stones buckling out and open joints permit to reset stones and tuckpointing dangerous and hazardous |
| CN062024 | Failed to maintain parapet wall in good repair and free from cracks and defects. (13-196-530 and 13-196-641) | parapet wall mortar missing and buckling |
| CN062034 | Failed to maintain roof coping in good repair and free from cracks defects. (13-196-530, 13-196-530(c) and 13-196-641) | coping stone open stones |
| CN065034 | Failed to maintain window sill in good repair and free from cracks and defects. (13-196-530(e), 13-196-550, 13-196-641) | window sills open joints |
| CN073014 | Failed to maintain exterior door in sound condition and repair. (13-196-550(d) and (e), 13-196-641) | 7954 exterior door broken |
| CN073024 | Failed to maintain exterior door frames to exclude rain and wind from entering building and otherwise in sound condition and repair. (13-196-550, 13-196-550(f), 13-196-641) | exterior door frames rotted and wood split |

| CN104035 | Failed to maintain windows in sound condition and good repair. (13-196-550(b) and (f)) | south elevation 808-10 window frame casing missing window frames dry rotted |
| CN131016 | Screen outer doors, windows, and other outer openings adequately from April 15th to Nov 15th. (13-196-560 B) | window screens missing |
| CN196029 | Post name, address, and telephone of owner, owner's agent for managing, controlling or collecting rents, and any other person managing or controlling building conspicuously where accessible or visible to public way. (13-12-030) | post ownership |
| CN198019 | File building registration statement with Building Dept. (13-10-030, 13-10-040) | register building for 1998-2006 |

| | |
|---|---|
| 2120 - Served | 2121 - Served |
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |
| Summons - Alias Summons | (08/01/18) CCG 0001 A |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Notre Dame Affordable Housing, Inc

(Name all parties)

v.

City of Chicago, a municipal corp.

Case No.

2018L013513
CALENDAR/ROOM A
TIME 00:00
Property Damage

☑ **SUMMONS**   ☐ **ALIAS SUMMONS**

To each Defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance and pay the required fee **within thirty (30) days after service of this Summons**, not counting the day of service. To file your answer or appearance you need access to the internet. Please visit www.cookcountyclerkofcourt.org to initiate this process. Kiosks with internet access are available at all Clerk's Office locations. Please refer to the last page of this document for location information.

**If you fail to do so, a judgment by default may be entered against you for the relief requested in the complaint.**

To the Officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than thirty (30) days after its date.

**Dorothy Brown, Clerk of the Circuit Court of Cook County, Illinois**
cookcountyclerkofcourt.org
Page 1 of 3

Summons - Alias Summons                                (08/01/18) CCG 0001 B

E-filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit http://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/FAQ/gethelp.asp, or talk with your local circuit clerk's office.

Atty. No.: _____

Atty Name: _____

Atty. for: _____

Address: _____

City: _____

State: _____ Zip: _____

Telephone: _____

Primary Email: _____

Witness: _____ DOROTHY BROWN
CLERK OF CIRCUIT COURT
DEC 17 2018

_____
DOROTHY BROWN, Clerk of Court

Date of Service: _____
(To be inserted by officer or copy left with
Defendant or other person):

Dorothy Brown, Clerk of the Circuit Court of Cook County, Illinois
cookcountyclerkofcourt.org
Page 2 of 3

## CLERK OF THE CIRCUIT COURT OF COOK COUNTY OFFICE LOCATIONS

Richard J Daley Center
50 W Washington
Chicago, IL 60602

District 2 - Skokie
5600 Old Orchard Rd
Skokie, IL 60077

District 3 - Rolling Meadows
2121 Euclid
Rolling Meadows, IL 60008

District 4 - Maywood
1500 Maybrook Ave
Maywood, IL 60153

District 5 - Bridgeview
10220 S 76th Ave
Bridgeview, IL 60455

District 6 - Markham
16501 S Kedzie Pkwy
Markham, IL 60428

Domestic Violence Court
555 W Harrison
Chicago, IL 60607

Juvenile Center Building
2245 W Ogden Ave, Rm 13
Chicago, IL 60602

Criminal Court Building
2650 S California Ave, Rm 526
Chicago, IL 60608

### Daley Center Divisions/Departments

Civil Division
Richard J Daley Center
50 W Washington, Rm 601
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

Chancery Division
Richard J Daley Center
50 W Washington, Rm 802
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

Domestic Relations Division
Richard J Daley Center
50 W Washington, Rm 802
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

Civil Appeals
Richard J Daley Center
50 W Washington, Rm 801
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

Criminal Department
Richard J Daley Center
50 W Washington, Rm 1006
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

County Division
Richard J Daley Center
50 W Washington, Rm 1202
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

Probate Division
Richard J Daley Center
50 W Washington, Rm 1202
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

Law Division
Richard J Daley Center
50 W Washington, Rm 801
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

Traffic Division
Richard J Daley Center
50 W Washington, Lower Level
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm