## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

NOTRE DAME AFFORDABLE HOUSING,
Inc. and CHARLENE M. MARSH,

Plaintiffs,

v.

CITY OF CHICAGO,. et al.

Defendants.

Case No. 1:18-cv-08116

Honorable Judge Charles R. Norgle, Sr.

### PLAINTIFFS' MOTION TO EXTEND TIME TO RESPOND TO CITY DEFENDANTS AND DELTA DEMOLITION INC.'S MOTION TO DISMISS

NOW COME the Plaintiffs, NOTRE DAME AFFORDABLE HOUSING, INC. and

CHARLENE M. MARSH, by and through their undersigned counsel, and pursuant to FRCP

6(b)(1)(A), move for an extension of time to respond to the City Defendants' Motion to Dismiss:

### A. Introduction

1.      Plaintiffs filed their First Amended Complaint ("FAC") on March 16, 2019.  Dkt.

34.  The FAC details the unlawful demotion of a building located 808 W. 80th Street in the City of

Chicago.  The FAC alleges that here the demolition took place no earlier than December 11, 2017,

the date upon which the below identified demolition permit was applied for and granted:



2.     The FAC added claims to include Dennis Rafael.  In relevant part, Mr. Rafael sent

Plaintiff an October 19, 2018, letter on City of Chicago Department of Law letterhead which

acknowledged Plaintiff Notre Dame Affordable Housing, Inc.'s claim with a reported "Loss Date"

of "12/17/2017".   Thereafter, on December 3, 2018, Mr. Rafael sent Plaintiff Notre Dame

Affordable Housing, Inc. a second letter, again on City of Chicago Department of Law letterhead,

where the letter stated that "[t]his office represents the City of Chicago . .. for General Liability

coverage applicable to the above caption date of incident."  The purported "Date of Loss" reflected

on Rafael's December 3, 2019, letter is "10/11/2017."

3.     Below are genuine images of Rafael's October 19, 2018, and December 3, 2018,

letters:

 

4.     Pursuant to FRCP 6 and 15, Defendants City of Chicago, Judith Fryland,

Commissioner, Dept. of Buildings, and Grant Ullrich, Deputy Commissioner, Dept. of Buildings

(the "City of Chicago Defendants") were required to respond to the FAC by April 1, 2019.

5.      On March 25, 2019, the City Defendants moved to extend their response to the FAC from April 1, 2019 to April 16, 2016.  Dkt. 42.  Plaintiffs did not opposed the relief sought.

6.      On March 25, 2019, Plaintiffs' counsel asked counsel for the City Defendants if counsel for the City Defendants would accept service on behalf of Mr. Rafael.  Counsel for the City Defendants declined to accept service as depicted by the below emails from March 25, 2019:



7.      On March 29, 2019, Plaintiffs served Mr. Rafael at his place of employment by and through an employee who represented that she was authorized to accept service on his behalf.  Dkt. 40.  The proof of service executed by Plaintiff's process server is depicted on the following page:



8.     On April 4, 2019, at 11:58 a.m., counsel for the Chicago Defendants, while not representing Defendant Rafael, claimed that the reported service upon Mr. Rafael was ineffective:



9.     On April 4, 2019, at 11:58 a.m., counsel for Plaintiff responded to counsel for the Chicago Defendants by asking "if [Mr. Rafael] is not a city employee, on what authority is he signing paperwork on behalf of the city?"  Counsel for the Chicago Defendants responded by saying "Mr. Rafael has not been served, and is not represented by the City.  We will not be making statements informally pertaining to him."  This email exchange is depicted on the following page:

James,

Mr. Rafael has not been served, and is not represented by the City. We will not be making statements informally pertaining to him.

Best,
Brad

**From:** James Vlahakis [mailto:jvlahakis@sulaimanlaw.com]
**Sent:** Friday, April 05, 2019 3:50 PM
**To:** Bradley Wilson
**Subject:** Re: Notre Dame Affordable Housing v. City, 18-8116 - Courtesy Copy letter

Hello Bradley,

I'm following up as to my below email. Please advise by COB Monday.

Thanks.

**James C. Vlahakis**
Senior Counsel
Atlas Consumer Law – a division of Sulaiman Law Group, Ltd.
2500 Highland Avenue
Suite 200
Lombard, IL 60148
Phone: (630) 575 – 8181 x 115
Direct: (630) 581-5456
Fax: (630) 575 – 8188
Firm Website: Atlasconsumerlaw.com
Email: jvlahakis@sulaimanlaw.com

On Apr 4, 2019, at 12:26 PM, James Vlahakis <jvlahakis@sulaimanlaw.com> wrote:

Bradley,

Thank you for letting us know your position.

I will have somebody stake out this house to attempt service. One final point, if he is not a city employee, on what authority is he signing paperwork on behalf of the city?

James.

10.    On April 16, 2019, the Chicago Defendants moved to dismiss the FAC by filing a 3-page Motion to Dismiss and 24 page Memorandum of Law in support. Dkts. 41, 42-1, 46.

11.    By the Court's prior order, Plaintiffs response is due on May 10, 2019. Dkt. 45.

12.    On April 30, 2019, Delta Demolition, Inc. ("Delta") filed its Motion to Dismiss and Memorandum of Law, but did not notice up[1] its Motion to Dismiss. Dkts. 47-48. As result of Delta neglecting to notice up its Motion to Dismiss, no due date for a response was formally set by the Court.

**B.  Argument in Support of Motion for Leave to File a Second Amended Complaint**

13.    As of the filing of this Motion, Plaintiffs have attempted to serve Defendant Rafael on ten (10) occasions, but it appears that Mr. Rafael is attempting to dodge service. It would be unjust and contrary to FRCP to require Plaintiffs to respond to the Chicago Defendants' Motion to

---

[1] Delta's Motion to Dismiss was never noticed up for presentment which is a requirement of Local Rule 5.3 which provides as follows:

**(b) Presentment.** Every motion or objection shall be accompanied by a notice of presentment specifying the date and time on which, and judge before whom, the motion or objection is to be presented. The date of presentment shall be not more than 14 days following the date on which the motion or objection is delivered to the court pursuant to LR78.1.

Dismiss prior to having Defendant Rafael appear and defend the suit. This is especially true considering Defendant Rafael is a key player in the FAC and counsel for the Chicago Defendants refused to identify Rafael's employer.

14.     Additionally, just recently Plaintiffs learned that despite Mr. Rafael's use of City of Chicago, Department of Law, letterhead and the title of "Claims Specialist", Mr. Rafael appears to be employed by Corvel Corporation, private sector insurer which appears to act as a third-party claims administrator for the City of Chicago, Department of Law. Accordingly, Plaintiff needs additional time to investigate the role of Rafael's purported employer, Corvel Corporation.

15.     Granting Plaintiffs leave of court to file a Second Amended Complaint under these circumstances comports with FRCP 15 which provides that "[t]he court should freely give leave when justice so requires." Additionally, FRCP 1 provides that the Federal Rules of Civil Procedure "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."

16.     Here, given the fact that the City of Chicago utilized Mr. Rafael to deny Plaintiffs' claim, and counsel for the City Defendants disavowed any representation of Mr. Rafael, did not explain Rafael relationship with the Department of Law and declined to identify Rafael's employer, it would be just to allow Plaintiffs leave of court to further investigate Rafael and Corvel Corporation's role in the denial of Plaintiffs claim.

17.     Further, it would lead to a less expensive determination of this case if Plaintiff were allowed to file a Second Amended Complaint with new claims against Rafael and Corvel Corporation rather than responding to the 27 pages of argument contained within the City Defendants' Motion to Dismiss and Memorandum of Law and the motion to dismiss filed by

Defendant Delta and then seeking leave of court to add Corvel Corporation as a defendant, with potentially new claims against Defendant Rafael.

18. Should a recent attempt at service prove *unsuccessful*, Plaintiffs will promptly seek leave of court to FRCP 4(e)(1) which provides that service of a summons and complaint may be effected "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."[2]

19. Plaintiffs propose to file the Second Amended Complaint in 28 days, on or before June 7, 2019. If Plaintiff can conclude their investigation sooner, they will file the Second Amended Complaint sooner.

**WHEREFORE**, for the reasons set forth above, Plaintiffs seek until June 7, 2019, to file their Second Amended Complaint.

---

[2] Like federal law, the Illinois Code of Civil Procedure generally permits service on an individual "(1) by leaving a copy of the summons with the defendant personally, [or] (2) by leaving a copy at the defendant's usual place of abode, with some person of the family or person residing there, of the age of 13 years or upwards, and informing that person of the contents of the summons, provided the officer or other person making service shall also send a copy of the summons in a sealed envelope with postage fully prepaid, addressed to the defendant at his or her usual place of abode." 735 ILCS 5/2-203(a). However, if service is "impractical" under the methods set forth in Section 2-203(a), a plaintiff "may move, without notice, that the Court enter an order directing a comparable method of service." 735 ILCS 5/2-203.1. A motion to approve service under Section 5/2-203.1 "shall be accompanied with an affidavit stating the nature and extent of the investigation made to determine the whereabouts of the defendant and the reasons why service is impractical * * *, including a specific statement showing that a diligent inquiry as to the location of the individual defendant was made and reasonable efforts to make service have been unsuccessful." *In re Schmitt*, 321 Ill. App. 3d 360, 367 (2d Dist. 2001). If the moving party has satisfactorily made the required showing of "diligent inquiry" by affidavit, "[t]he court may order service to be made in any manner consistent with due process." *Id*. at 367-68. *In re Marriage of Schmit*t, 321 Ill. App. 3d 360 (2d Dist. 2001), the petitioner in a marriage dissolution case contended that the respondent was attempting to evade service of process and sought relief under Section 2-203.1 when the customary methods of effecting service had proven unsuccessful. The trial court issued an order authorizing service by leaving a copy of summons and petition with any two of five individuals or entities, including the respondent's mother, an employee of a corporation that the respondent controlled, and two attorneys who previously had represented the respondent. The appellate court then concluded that given the respondent's admission that the person served worked for his company and the principle that "[c]ourts do not favor those who seek to evade service of summons," the plaintiff's service on the respondent's employee "was sufficient to convey notice to respondent" because "it is reasonable to believe that an employee would advise his employer that he had been served on the employer's behalf." *Id*.

Respectfully submitted,
*Counsel for Plaintiffs*

*/s/ James C. Vlahakis*
Sulaiman Law Group, Ltd.
2500 South Highland Avenue, Suite 200
Lombard, Illinois 60148
(630) 581-5456
(630) 575-8188 (fax)
jvlahakis@sulaimanlaw.com

**CERTIFICATE OF SERVICE**

The undersigned, certifies that on May 10, 2019, he caused the above document to be filed with the U.S. District Court's ECF filing system which shall submit a copy of this filed document to opposing counsel.

Respectfully submitted,

*/s/ James C. Vlahakis*
Sulaiman Law Group, Ltd.
2500 South Highland Avenue, Suite 200
Lombard, Illinois 60148
(630) 575-8181
(630) 575-8188 (fax)