IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| NOTRE DAME AFFORDABLE HOUSING, et al. <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF CHICAGO, et al. <br><br> Defendants. | Case No. 18-cv-8116 <br><br> Hon. Charles Norgle |

**CITY DEFENDANTS' OBJECTION TO PLAINTIFFS' MOTION TO AMEND THE COMPLAINT**

Defendants City of Chicago, City of Chicago Department of Buildings Commissioner Judith Frydland, and Deputy Commissioner Grant Ullrich (the "City Defendants"), by their counsel, Edward N. Siskel, Corporation Counsel for the City of Chicago, respectfully object to Plaintiffs' motion to amend the complaint. (ECF No. 49.) In support of their objection, City Defendants respectfully state as follows:

1. On December 11, 2018, Plaintiffs filed a 11-count, 20-page complaint, alleging a variety of constitutional and federal claims under 42 U.S.C. §§ 1981, 1982, 1983, 1985, and 1986, as well as state-law claims.

2. On February 6, 2019, City Defendants moved to dismiss Plaintiffs' complaint in its entirety. The Court set a briefing schedule on the motion, setting Plaintiffs' response deadline at March 8, 2019. (ECF No. 24.) On March 5, Plaintiff requested additional time to respond to the motion or to amend the complaint. (ECF No. 29.) The court granted Plaintiffs leave to file an amended complaint, (ECF No. 32), and on March 15, 2019, Plaintiffs filed a 31-page First Amended Complaint. (ECF No. 34.)

3. City Defendants again moved to dismiss the complaint on April 16, 2019, noting that "the many defects the City Defendants identified in their original motion to dismiss remain[ed]" in the First Amended Complaint. (City Defts' Mem. in Support at 1.) The Court again set a briefing schedule, with Plaintiffs' response to the second motion to dismiss due on May 10. (ECF No. 45.)

4. Instead of filing a response to the City Defendants' second motion to dismiss as required by the Court, Plaintiffs instead sought to delay by asking for additional time to investigate. On the date their opposition brief was due, Plaintiffs filed a document styled as a "Motion to Extend Time to Respond to City Defendants and Delta Demolition Inc.'s Motion To Dismiss." (ECF No. 49.) However, the document concludes by requesting "until June 7, 2019, to file [a] Second Amended Complaint."

5. The City Defendants object to Plaintiffs' request to file a second amended complaint. Plaintiffs prior amendment was their first in response to a Rule 12 motion, which is permitted as a matter of course, see Fed. R. Civ. P. 15(a)(1)(B), but further amendments may only be made "with the opposing party's written consent or the court's leave." While leave to amend is freely granted, it should be denied where, as in this case, "there is an apparent reason not to [grant it], such as 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment.'" Payne v. Churchich, 161 F.3d 1030, 1036 (7th Cir.1998) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)).

6. Here, Plaintiffs' request for leave to amend the complaint should be denied because Plaintiffs' motion offers no reason why Plaintiffs should be granted a second

opportunity to amend, and to again delay a briefing or ruling on the City's pending motion to dismiss. Plaintiffs do not state any claims they may have against third party Corvel, nor do they state any additional claims they seek bring against co-defendant Dennis Rafael. Plaintiffs do not even offer an explanation as to what claims possibly could exist against Corvel Corporation, devoting most of the Motion instead to quoting straightforward correspondence from City Defendants' counsel conveying the fact that Mr. Rafael is not a City employee for service purposes. The lack of any basis to amend is revealed by the statement that they seek additional time — until June 7 — merely to "investigate the role of [defendant] Rafael's purported employer, Corvel Corporation," and other issues related to defendant Rafael. (Mot. ¶ 14.)

7. Plaintiffs also offer no explanation why they waited until the evening of their opposition deadline to raise these issues instead of raising them prior to City Defendants expending significant resources on their second motion to dismiss. City Defendants will be prejudiced by permitting another amendment, since they will no doubt be burdened with filing a third motion to dismiss. Plaintiffs used their first opportunity to amend to add pages of questionably relevant allegations without remedying any of the legal deficiencies in their original complaint; they should not be permitted to do so a second time.

**WHEREFORE**, Defendants respectfully request that this Court deny Plaintiffs' motion for leave to amend, and grant Defendants such further relief as the Court deems just and appropriate.

Date: May 14, 2019                  Respectfully submitted,

                                                             EDWARD N. SISKEL,
                                                             Corporation Counsel for the City of Chicago

                                                             By:     /s/ *Bradley G. Wilson*

Jennifer Zlotow
Oscar Piña
Bradley G. Wilson
City of Chicago, Department of Law
Constitutional and Commercial Litigation Division
30 N LaSalle Street, Suite 1230
Chicago, Illinois 60602
(312) 744-7040 / 742-0797 / 744-7686
Jennifer.Zlotow@cityofchicago.org
Oscar.Pina@cityofchicago.org
Bradley.Wilson@cityofchicago.org

*Attorneys for City Defendants*

4