UNITED STATES DISTRICT COURT
THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NOTRE DAME AFFORDABLE HOUSING, INC. and CHARLENE M. MARSH, | 18-cv-08116 |
| Plaintiffs, | |
| v. | Judge Charles Norgle |
| CITY OF CHICAGO, et al., | Magistrate Judge Kim |
| Defendants. | |

**PLAINTIFFS' REPLY TO CITY DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS SECOND AMENDED COMPLAINT ("SAC")**

Plaintiffs NOTRE DAME AFFORDABLE HOUSING, INC. ("NDAHI") and CHARLENE M. MARSH submit this Reply in response to the Reply filed by Defendants City of Chicago, Building Commissioner Judith Frydland, and Deputy Building Commissioner Grant Ullrich (the "City Defendants") [Dkt. 103] as directed by the Court's minute order dated

**I.   Introduction**

NDAHI is a registered Illinois 501c3 not-for-profit corporation. The SAC properly asserts that NDAHI holds a Quitclaim Deed for a Property Tax Parcel/Account 20-32-207-027-0000 which is located at 7954 S. Halsted and 808-810 W. 80th Street in Chicago, Illinois (collectively the "Subject Properties"). SAC ¶¶1-3. See also, Dkt. 83-1.

In a stunning and troubling display of *overly* zealous advocacy, the City Defendants have attempted to gaslight both this Court and the Plaintiffs by raising disingenuous and misleading arguments in their Reply (Dkt. 103). When the City Defendants Reply is scrutinized line-by-line to determine whether the positions of the parties are being accurately conveyed to this Court, it is apparent that someone directed

counsel for the City Defendants to take a "win at all costs" approach. In submitting this Reply, Plaintiff presume that the Court intended the Reply to focus on arguments raised by the City Defendants' 12(b)(1) motion where the arguments are arguably subject to waiver based upon the fact that the arguments were raised in a most conclusory fashion in its initial Memorandum of Law. See Plaintiff's Response in Opposition, Dkt. 94, pp. 14-15.

## II.     Misstatements as to the Ownership of the Subject Property

The City Defendants make a conclusory misstatement in the first lines of its Reply Brief where they are argue "[a]s set forth in the City Defendants' opening brief, the evidence is clear that neither Marsh nor Notre Dame owns the Subject Property[.]." Dkt. 103, p. 2. This statement is flat-out wrong. Moreover, the City Defendants' Memorandum of Law identified no such evidence, and the City Defendants did not cite to any case discussing how any facts supported a finding that NDAHI did not own the Subject Property. This is classic "waiver". *See, e.g., U.S. v. Berkowitz*, 927 F.2d 1376, 1384 (7th Cir. 1994)("Since his argument . . . is a perfunctory two-sentence argument that does not explain how those provisions "cover" this situation, and that cites no applicable authority, he has waived it.")(citation omitted); *Muhich v. Commissioner of Internal Revenue*, 238 F.3d 860, 864 n. 10 (7th Cir. 2001) ("Where, as here, a party fails to develop the factual basis of a claim . . . and, . . . merely draws and relies upon bare conclusions, the argument is deemed waived.").

The City Defendants' second conclusory misstatement occurs when they attempt to argue that "the evidence is clear that . . . *the chain of title demonstrates only a series of quitclaim deeds insufficient to convey any ownership* in the property to Notre Dame." Dkt. 103, p. 2. Again, the City Defendants appear to want to trick this Court into thinking they presented actual evidence and cited to sound legal authority in their

Memorandum, when this is not the case. It is the City Defendants that failed to advance a substantive argument in their opening brief[1] and because of the cursory nature of their arguments, the arguments have been waived.

The City Defendants' third misstatement and flat-out dishonest argument takes place where they argue, "Plaintiffs *do not challenge the factual assertion* that they possess no ownership interest in the property by submitting any evidence." Dkt.103, p. 2. The City Defendants' fourth misstatement and flat-out dishonest argument takes place where they argue that Plaintiffs have failed to dispute the City Defendants' argument "by [not] submitting any evidence." *Id.* These interrelated arguments can be addressed together. Any reasonable reading of Plaintiffs' Response demonstrates that have challenged the City Defendants conclusory arguments by pointing to case law (noted above) and by arguing that the City Defendants' arguments fail because they have offered no expert testimony to support their self-serving reading of Docket entry nos. 83-1, 83-2 and 83-3. Dkt. 94, p. 16. Simply stated, the City Defendants' arguments cannot trump the well-pled allegation set forth in the SAC. And further, Plaintiffs argue that the City Defendants' arguments ignore the fact that the City itself has fined NDAHI and placed a lien against NDAHI which was entered and recorded against the Subject Property. Dkt. 94, pp. 19-20, and **Exhibits A-C** appended to this Reply. The City Defendants should be estopped from "having it both ways" where they have operated in one proceeding to acknowledge that NDAHI holds title over the Subject Property.

---

[1] The City Defendants simply cited to an out-of-district case, *Ferran v. City of Albany*, 2016 U.S. Dist. LEXIS 176117 *16, 2016 WL 7378915 (N.D.N.Y. Dec. 20, 2016), where the court simply found that the plaintiff "did not suffer from any injury arising from the demolition of the subject property because he did not have a possessory interest in the property." *Ferran* **did not** address how to properly interpret disputed deeds or titles. Rather, the case rejected the plaintiff's "attempt to manufacture standing years after the demolition through N. Ferran's 'Assignment of Causes of Action Related to 54 Clinton Avenue' to M. Ferran, (Dkt. No. 12, Attach. 1 at 50), but this does not grant him a possessory interest to confer standing." *Id.* *16-17.

The City Defendants' fifth misstatement and flat-out dishonest argument takes place at page 3 of their Reply where they argue "Plaintiffs do not actually dispute the contents of the deeds, nor their authenticity[.]" To the contrary, as discussed below, Plaintiffs dispute the contents and the authenticity of the arguments raised by Defendants. The City Defendants have failed to present any well-developed arguments in support of their conclusory arguments. Just because a document is a publicly filed document susceptible to judicial notice (Dkt. 103, p. 4) does not mean that a court should accept a *conclusory interpretation* of the document in question. "Since his argument . . . is a perfunctory two-sentence argument that does not explain how those provisions "cover" this situation, and that cites no applicable authority, he has waived it." *U.S. v. Berkowitz*, 927 F.2d 1376, 1384 (7th Cir. 1994).

The City Defendants' sixth misstatement and flat-out dishonest argument takes place when they brazenly argue, "[Plaintiffs] attempt to convince the Court to ignore the issue of jurisdiction at this stage in the proceedings, arguing — without citation to case law — that standing 'is an issue for summary judgment.' (Opp. 17–18.) That is incorrect." An examination of Plaintiffs' Response shows that Plaintiffs argued that the evidence submitted by the City Defendants did not carry the day at the motion to dismiss stage – relying on a Seventh Circuit case, *Doss v. Clearwater Title Co.*, 551 F.3d 634, 640 (7th Cir. 2008), that dealt with a disputed title to a property. Dkt. 94, pp. 10-11. The City Defendants ignore that Plaintiffs relied on an appellate decision where the Seventh Circuit ultimately instructed district courts to *refrain* from taking judicial notice of *disputed* public documents in the context of a motion to dismiss:

> Whether the City of Chicago Defendants can actually rebut NDAHI's allegation that it holds title to the land in question is an issue for summary judgment, and not one that can be resolved on a motion to dismiss. *Doss v. Clearwater Title Co.*, 551 F.3d 634, 640 (7th Cir. 2008). The Seventh Circuit in *Clearwater Title Co.* stated that FRCP

4

> 12(d) provides "a narrow exception to the Rule 12(d) instructions that permits a district court to take judicial notice of matters of public record without converting a Rule 12(b)(6) motion into a motion for summary judgment." *Id.*

Dkt. 94, p. 10.

While the *Doss* case dealt with a 12(b)(6) motion, in both Doss and the present case, the moving party asked the district court to take judicial notice of a public document. The City Defendants flat-out ignore that the Seventh Circuit found that "the district court erred in thinking that the deed [of sale] was a proper subject for judicial notice." *Doss*, 551 F.3d at 640.

To recap, the Seventh Circuit noted that "[s]tatements in documents affecting an interest in property do fall within an exception to the hearsay rule" but ultimately held that the district court should *not* "have found that [the proposed deed] was 'not subject to reasonable dispute' . . . once Doss filed his response." *Id.* Plaintiffs' citation to *Doss* is on point as it explains why a district court should not make determinations on disputed title related documents *regardless* of whether a motion to dismiss is brought pursuant to FRCP 12(b)(1) or 12(b)(6).

### III. There is No Factual Support for the City Defendants' Arguments

To be clear, Plaintiffs recognize that motions to dismiss based upon purported lack of subject matter jurisdiction are litigated pursuant to FRCP 12(b)(1), rather than 12(b)(6), but in ruling on such a motion, a district court should not grant a motion to dismiss predicated under either subsection where competing public title documents create a question of fact. *See, e.g., General Electric Capital Corp. v. Lease Resolution Corp.,* 128 F.3d 1074, 1080-81 (1997)). Here is how the Seventh Circuit has instructed movants to present 12(b)(1) motions. "[I]f the complaint is formally sufficient but the contention is . . . that there is *in fact* no subject matter jurisdiction, [then] the movant

5

may use affidavits and other material to support the motion." *United Phosphorus, Ltd. v. Angus Chem. Co.*, 322 F.3d 942, 946 (7th Cir. *2011),* overruled on other grounds by *Minn-Chem, Inc. v. Agrium, Inc.,* 683 F.3d 845 (7th Cir. 2012). (emphasis in original).

Rather than supply affidavits from a city official with personal knowledge, submit a report from retained expert report, or rely on sworn declaration from a county employee who was authorized to opinion on the proper chain of title, the City Defendants took a lazy approach. It is reasonable to criticize the City Defendants *for failing to explain why* the documents that they cited to in their opening "demonstrate that [NDAHI does not] own[] any legal interest in the Subject Property. Dkt 83, p. 4. Here is what the City Defendants argued – in a highly conclusory and self-serving manner:

> As to Notre Dame, the chain of title shows that Leroy Singleton conveyed the property to Notre Dame by quit claim deed on June 3, 2014. See Exhibit A. But the chain of title shows no deed conveying the property to Mr. Singleton in the first place. Instead, the last apparently good title in the chain shows that the land was conveyed to LaSalle National Bank to be held in trust in 1972. See Exhibit C. No further conveyances appear in the title chain with LaSalle National Bank as grantor. The quitclaim deed by Mr. Singleton conveyed nothing to Notre Dame, because Mr. Singleton had nothing to convey. Therefore, Notre Dame does not own the Subject Property either.

Dkt. 83, p. 4.

The City Defendants also argue the following – without any factual support:

> [t]here is a deed to Mr. Singleton in the chain in 2014, but it is simply a quitclaim deed back to him after he deeded it to a presumably related party with the same last name in 2012. See Exhibit B. As set forth herein, there is no evidence Mr. Singleton had any interest to convey in 2012 in the first place.

Dkt. 83, p. 4, fn. 3.

There are no citations to any sworn statements to back up what the City Defendants have argued, which to recap, are the following contentions: (**1**) that the so-called "the chain of title" fails to reflect "no deed conveying the property to Mr. Singleton in the first place"; (**2**) "the last apparently good title in the chain shows that the land was conveyed to LaSalle National Bank to be held in trust in 1972"; (**3**) that "no further conveyances appear in the title chain with LaSalle National Bank as grantor"; (**4**) "there is no evidence Mr. Singleton had any interest to convey in 2012 in the first place"; and (**5**) the City Defendant's ultimate conclusion, that the "quitclaim deed by Mr. Singleton conveyed nothing to Notre Dame, because Mr. Singleton had nothing to convey." Again, this is classic "waiver". *See, e.g., Berkowitz*, 927 F.2d at 1384; *Muhich v*, 238 F.3d at 864 n. 10.

In fairness to the City Defendants, their counsel may not have wanted to put anyone's fate in the hands of the court by signing a demonstrably false declaration or report. Moreover, nowhere have the City Defendants demonstrated that the so-called "chain of title" that they are relying upon is accurate and complete. *Liang v. Frontline Asset Strategies, LLC*, 2017 U.S. Dist. LEXIS 57181, *11 (N.D. Ill. April 14, 2017) ("Plaintiff contests the authenticity of Defendants' attachment and offers a number of grounds for doing so. Thus, the Court cannot consider Defendants' attachment without converting their motion to dismiss to a motion for summary judgment and affording Plaintiff notice of its intention to do so and an opportunity to respond. Fed. R. Civ. P. 12(d)[.]"(citations omitted)).

In ruling on a motion to dismiss, "[t]he court is not bound to accept the [movant]'s allegations as to the effect of the exhibit, but can independently examine the document and form its own conclusions as to the proper construction and meaning to be given the material." *Burke v. 401 N. Wabash Venture, LLC*, 714 F.3d 501, 505 (7th Cir. 2013).

7

"In order for a fact to be judicially noticed, *indisputability is a prerequisite*." *Hennessy v. Penril Datacomm Networks, Inc.*, 69 F.3d 1344, 1354 (7th Cir. 1995) (emphasis supplied). "It is the parties' responsibility to allege facts and indicate their relevance under the correct legal standard." *Econ. Folding Box Corp. v. Anchor Frozen Foods Corp.*, 515 F.3d 718, 721 (7th Cir. 2008).

The City Defendants' conclusory arguments fail from the starting gate under these standards, and especially where the City Defendants have submitted a *certified copy* of the quitclaim deed conveying the Subject Property to NDAHI. Dkt. 83-1. A certified copy of the quitclaim deed is sufficient proof at this stage of the case.

### IV. The City Defendants Should be Estopped From Raising New Arguments

The City Defendants' Reply overlooks one key admission by the City of Chicago. On or about October 19, 2018, Mrs. Marsh filed a property loss claim with the City of Chicago Department of Law, City Claims Unit, on behalf of NDAHI relative to the unlawful demolition of the physical structure located on Subject Properties. SAC ¶8. Defendant Dennis Rafael received the property loss claim and his October 19, 2018, letter to NDAHI identified a loss date of December 11, 2017. SAC ¶57. Defendant Corvel Corporation ("Corvel") is Rafael's employer.

On October 19, 2018, utilizing City of Chicago Law Department, City Claims Unit letterhead, Defendant Rafael wrote letter to NDAHI which listed the "Loss Date" for the Subject Property as 12/11/17. SAC ¶57. The October 19, 2018 letter stated, "your claim is subject to a one year Statute of Limitations" and that "[t]he Statute will expire on the one-year anniversary of the loss." The October 19, 2018 letter also states, "[i]n the event, prior to [the one-year anniversary of the loss," you fail to resolve or pursue further legal recourse, your ability to do so will forever be lost." SAC ¶¶58-60.

Rafael acted with the tacit approval of and/or personal knowledge of Defendants Frydland and Ullrich. SAC ¶22. Notably, on stationary that identified "City of Chicago Department of Law City Claim Unit", Rafael represented to Plaintiffs that he had the authority to determine when the statute of limitations expires relative to building demolition claims. SAC ¶¶17, 57, 68.[2] Rafael never told NDHAI that it could not submit a claim because it did not own the subject property – as the City Defendants now contend.  The City Defendants should be estopped from changing their position. *See, e.g., City of Decatur v. Ballinger*, 988 N.E.2d 737, 740, 2013 Ill.App.LEXIS 243, *10 (4th Dist. April 16, 2013) ("In this case, the trial court found the ownership of Property A after the 2004 quitclaim deed had already been adjudicated and was *res judicata*. On appeal, Ballinger does not challenge the court's application of the doctrine of *res judicata* or its taking judicial notice of the 2004 ordinance violation case. Thus, the facts already determined in the 2004 ordinance violation case are not questions of fact in this case. The first two contentions raised as questions of material fact by Ballinger were clearly decided in the 2004 case.").

Further, on December 3, 2018, on half of the City of Chicago and the Department of Buildings, Rafael wrote a letter NDAHI and Marsh that stated that City of Chicago "will be unable to assist with any settlement of damages or costs which you may have sustained due to this incident". In contrast to Defendant Rafael's October 19, 2018, letter, his December 3, 2018, letter altered and/or changed a "Date of Loss" of 10/11/2017. Notably, Rafael's December 3, 2018, letter was mailed *after* Plaintiffs' state court lawsuit, filed in the Circuit Court of Cook County as 2018-L-11437, was dismissed on October 22, 2018. SAC ¶¶57-73.  And again, Rafael's December 3, 2018,

---

[2] Rafael acted under color of law and was no mere "non-city employee" as the City of Chicago tries to shrug off without any legal citation. Dkt. 83, pp. 17-18, 20.

letter never told NDHAI that it could not submit a claim because it did not own the subject property – as the City Defendants now contend. Again, the City Defendants should be estopped from changing their position.

Finally, the City Defendants blithely appear to argue that they have owe no duty to Plaintiff NDAHI, but this position ignores the fact that Section 13-32-240 of the Municipal Code of the City of Chicago, entitled, "Building wrecking – Bond requirements", provides that demolition companies like Delta must indemnify the City of Chicago for damages resulting from Delta's activities and that Delta must maintain insurance at the coverage levels of $500,000. SAC ¶ 64. What even more amazing is that both the City Defendants and Defendant Delta Demolition ignore the fact that Section 13-32-240 most undoubtedly provides a private right of action for persons like NDAHI where the codes states as follows:

> In the event an aggrieved party finds it necessary to seek recovery for damages against a demolition contractor by the filing of an appropriate action at law, such aggrieved party shall, upon being awarded judgment in his favor, be entitled to recover his court costs and reasonable attorney's fees against the demolition contractor, as determined by the court.

For whatever reasons, the City Defendants are doing everything to avoid facing this lawsuit. In fact, a risk manager for the City Defendants reached out to Ms. Marsh's daughter in a misguided effort to help convince Ms. Marsh that NDAHI's claims were without merit. See **Exhibit D** (filed as Dkt. 105-1).

Given the recent debacle with State's Attorney Kim Foxx, one would think that public officials should not reach out to private citizen in an effort to influence active litigation – especially where the official neglects to mention that the City of Chicago actually levied a fine against NDHAI and attached a lien on the Subject Property.

## V. *Res Judicata* Does Not Apply

Just briefly, Plaintiffs must debunk the City Defendants' outlandish argument that *res judicata* applies relative a state court order dismissing a suit that was brought against a non-suable entity. Plaintiffs must point out that the City Defendants do not explain whether any suable entity was dismissed – let alone on the merits – in relation to the October 2018, state court dismissal order. Remember, the suit was dismissed – not based upon a motion brought by any defendant, but in response to Ms. Marsh attempting for file the case without paying the required filing fee. Additionally, the City Defendants ignore (as noted above) that Defendant Rafael's misconduct, on City of Chicago Law Department letterhead, took place after the dismissal of the state court suit.

## VI. The City Defendants' Arguments Lack Candor and Are Vexatious

The City Defendants' efforts to defeat this case through its unrestrained and dishonest advocacy violates the applicable rules of professional conduct.

The American Bar Association's Model Rules of Professional Conduct, which apply in this district under Northern District of Illinois Local Rule 83.50. ABA Model Rule 3.3 outlines an attorney's duty of candor toward the tribunal. Among other things, it forbids "mak[ing] a false statement of fact or law to a tribunal or fail[ing] to correct a false statement of material fact or law previously made to the tribunal by the lawyer," as well as "fail[ing] to disclose to the tribunal legal authority in the controlling jurisdiction known to the lawyer to be directly adverse to the position of the client and not disclosed by opposing counsel." Model Code of Prof'l Responsibility R. 3.3.

This Court should also find that the City Defendants' arguments also violate Rule 11. *See*, Dkt. 94, p. 23. Alternatively, the City Defendants' specious arguments constitutes vexatious litigation in violation of 28 U.S.C. § 1928.

11

WHEREFORE, the City Defendants' Motion to Dismiss should be denied.

    /s/ James C. Vlahakis
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
(630) 575-8181
jvlahakis@sulaimanlaw.com

**CERTIFICATE OF SERVICE**

The undersigned, certifies that on November 15, 2019, he caused the above document to be filed with the U.S. District Court's ECF filing system which shall submit a copy of this filed document to opposing counsel.

                                               Respectfully submitted,

                                               */s/ James C. Vlahakis*
                                               Sulaiman Law Group, Ltd.
                                               2500 South Highland Ave, Suite 200
                                               Lombard, Illinois 60148
                                               (630) 575-8181
                                               (630) 575-8188 (fax)

**Exhibit A** (page 1):

Space reserved for Recorder's Office only

Doc# 1923212024 Fee $83.00

EDWARD M. MOODY
COOK COUNTY RECORDER OF DEEDS
DATE: 08/20/2019 09:51 AM PG: 1 OF 2

IN THE CITY OF CHICAGO, ILLINOIS
DEPT OF ADMINISTRATIVE HEARINGS

The City of Chicago, A Muni Corp. ]
]
Plaintiff, ]
]
VS. ]
]
NOTRE DAME AFFORDABLE HOUSING ]
]
Defendants, ]

Docket Number: 18DS08291L
Issuing City Department:
STREETS AND SANITATION

### RECORDING OF FINDINGS, DECISION AND ORDER

The Petitioner, **THE CITY OF CHICAGO**, a municipal corporation, by and through its attorney the Corporation Counsel, by and through Special Assistant Corporation Counsel, **ROBERTS & WEDDLE, LLC**, hereby files the attached and incorporated certified Findings, Decision and Order entered by an Administrative Law Officer pursuant to an administrative hearing in the above captioned matter. This certified copy is being recorded with the Cook County Recorder of Deeds as provided for by law.

NOTRE DAME AFFORDABLE HOUSING
7954-7958 S. HALSTED ST
CHICAGO, IL 60620

PIN #: 20-32-207-027-0000
Legal Description:

LOTS 22 AND 23 IN BLOCK 1 IN CHESTER HIGHLANDS ADDITION TO AUBURN PARK, BEING A SUBDIVISION OF THE EAST 7/8 OF THE NORTH 1/2 OF THE NORTHEAST 1/4 OF THE NORTHEAST 1/4 OF SECTION 32 TOWNSHIP 38 NORTH, RANGE 14 EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS.

ROBERTS & WEDDLE, LLC
309 W. Washington St. Suite 500
Chicago, IL 60606
312-589-5800
File#: 99.99016

**Exhibit A** (page 2 of 2)

**DEPARTMENT OF ADMINISTRATIVE HEARINGS**

CITY OF CHICAGO, a Municipal Corporation, Petitioner,

v.

Notre Dame Affordable Housing C/O Zoe Marsh-Leigh
4525 N DOVER ST APT 3
CHICAGO, IL 60640

, Respondent.

Address of Violation:
7954 S Halsted Street

Docket #: 18DS08291L

Issuing City
Department: Streets and Sanitation

**FINDINGS, DECISIONS & ORDER**

This matter coming for Hearing, notice given and the Administrative Body advised in the premises, having considered the motions, evidence and arguments presented, IT IS ORDERED: As to the count(s), this tribunal finds by a preponderance of the evidence and rules as follows:

| Finding | NOVB | Count(s) | Municipal Code Violated | Penalties |
|---|---|---|---|---|
| Default - Liable by prove-up | 208291L | 1 | 7-28-710 Dumping or accumulation of garbage or trash - potential rat harborage. | $600.00 |
|  |  | 2 | 7-28-120(a) Uncut weeds. | $1,200.00 |

Sanction(s):

Admin Costs: $40.00

**JUDGMENT TOTAL: $1,840.00**

Balance Due: $1,840.00

Respondent is ordered to come into immediate compliance with any/all outstanding Code violations.

You have 21 days from the above mailing date to file a motion to set-aside (void) this default order for good cause with the Dept. of Administrative Hearings (400 W. Superior). You may have more than 21 days if you can show you were not properly served with the violation notice. Your right to appeal this order to the Circuit Court of Cook County (Daley Center 6th FL) may be prohibited by the Court if you fail to first file a motion to set-aside with the Dept. of Administrative Hearings.

ENTERED: Mark Boyle
Administrative Law Judge

ALO# 19
Date: Sep 12, 2018

This Order may be appealed to the Circuit Court of Cook Co. (Daley Center 6th FL) within 35 days by filing a civil law suit and by paying the appropriate State mandated filing fees.

Pursuant to Municipal Code Chapter 1-19, the city's collection costs and attorney's fees shall be added to the balance due if the debt is not paid prior to being referred for collection.

Date Printed: Nov 29, 2018 12:14 pm

I hereby certify the foregoing be a true and correct copy of an Order entered by an Administrative Law Judge of the Chicago Department of Administrative Hearings.

12-3-18

18DS08291L
Page 1 of 1
99-99016

**Exhibit B**

15



**CITY OF CHICAGO**
DEPARTMENT OF STREETS AND SANITATION
Charles Williams, Commissioner
121 N. LaSalle Street, Room 1107
Chicago, IL 60602

CITY OF CHICAGO
DEPARTMENT OF STREETS AND SANITATION
a Municipal Corporation,
    Petitioner

v.

NOTRE DAME AFFORDABLE HOUSING
c/o ZOE MARSH-LEIGH
4525 N DOVER ST. APT 3
CHICAGO, IL 60640,
    Respondent(s).

**Violation Address:**
7954 S. HALSTED ST
Chicago, IL 60620

**Administrative Hearing Docket Number**
18DS08291L

**ANOV Number:**
208291L

## NOTICE OF ORDINANCE VIOLATION(S) AND HEARING

Date of Notice: 08/06/2018

YOU ARE HEREBY NOTIFIED THAT THE DEPARTMENT OF STREETS AND SANITATION HAS CIT
YOU FOR AN ALLEGED VIOLATION(S) OF THE MUNICIPAL CODE OF CHICAGO. THE ALLEGED
VIOLATION(S) IS SERIOUS AND MUST BE CORRECTED IMMEDIATELY. EVEN IF CORRECTED,
MUST EITHER: (1) APPEAR FOR YOUR SCHEDULED HEARING AS LISTED BELOW, OR (2) IF ELIC
PAY YOUR FINE(S) BY MAIL, ONLINE OR IN PERSON. SEE THE FOLLOWING PAGES OF THIS NOT
FOR DETAILS.

### YOUR SCHEDULED ADMINISTRATIVE HEARING

| Date | Time | Court Location | Court Room | Docket |
|---|---|---|---|---|
| 09/12/2018 | 03:00 PM | 2006 E 95th St | 4 | 18DS08291L |

### MUNICIPAL CODE VIOLATION(S) CITED

| Inspection Date and Time | Violation Code | Inspector's Narrative Description |
|---|---|---|
| 08/19/2017 10:52:05 AM | 7-28-710 Accumulation of Garbage / Trash | Garbage or trash allowed to accumulate on premises, causing food or harborage for rats |
| 09/19/2017 10:52:05 AM | 7-29-120(A) Weeds In Excess Of Ten Inches | Weeds on property, on average, are greater than 10 inches in height. |

I certify to the correctness of the specified information contained in this Notice of Violation and the followin (1)
I am an employee of the City of Chicago's Department of Streets and Sanitation; (2) I conducted an inspec n
of the above referenced violation address on the date and time indicated; (3) the photograph(s) attached t 1e
original notice of violation, which was filed at the Department of Administrative Hearings, truly and accurat
depicts the property in question on the indicated inspection date and time; (4) I observed the alleged muni al
code violation(s) cited; and (5) the violation(s) as set forth in this instrument are true and accurate.

Page 1 of 4

**Exhibit C**

**Roberts & Weddle, LLC**
ATTORNEYS AT LAW
309 W. Washington St. Suite 500
Chicago, IL 60606
(312) 589-5800
Fax (312) 589-5870

ADAM A. ROBERTS, Esq.

JEREMY WEDDLE, Esq.

08/22/19

189414-M2277
NOTRE DAME AFFORDABLE HOUSING C/O ZOE MAR
4250 S PRINCETON AVE
APT 606
CHICAGO, IL 60609-2853

RE: THE CITY OF CHICAGO v. NOTRE DAME AFFORDABLE HOUSING C/O ZOE MAR
R&W Internal File #: 71799.99016
DAH Docket #: 18DS08291L
Current Balance as of 08/22/19: $2,586.62

### THIS IS A MATTER OF VITAL IMPORTANCE TO YOU !

Pursuant to the FINDING, DECISIONS and ORDER entered in this matter, we have filed a lien against your real estate with the Recorder of Deeds. This transaction is now formally a matter of record so that you will be unable to transfer title or obtain financing on your property until such time as the lien is satisfied. In addition, interest is accruing at 9% on the unpaid balance. The longer it takes to pay this claim, the more it will ultimately cost you.

Please remit the balance owed using certified funds. Upon receipt of the certified funds, we will issue a Release of Memorandum to you.

If you cannot pay the full balance at this time, contact our office and we can discuss an installment payment plan to dispose of this debt.

Very truly yours,

**ROBERTS & WEDDLE, LLC**

THIS LETTER IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PUR[POSE]
Please fill in the stub below, detach the stub and return with your remittance.

Our Client: THE CITY OF CHICAGO, A MUNICIPAL CORPORATION
Name: NOTRE DAME AFFORDABLE HOUSING C/O ZOE MAR
Our File#: 71799.99016

Current Address _____  Home Phone _____

17